### McNARON v. STATE.   (6 Div. 456.)

(Court of Appeals of Alabama.   Feb. 3, 1925.
Rehearing Denied March 17, 1925.)

**1. Criminal law ⊚⊃165—Court held authorized to proceed with trial on recovery and voluntary return to sheriff of defendant committed to hospital for insane.**

Where defendant, committed to hospital for insane, in inquisition held in full compliance with Code 1923, § 4575, until he should regain sanity and be returned to proper authorities for trial on pending indictment, voluntarily left hospital and returned to sheriff, and hospital superintendent notified judge, though by informal letter, that defendant was no longer insane, court could proceed with trial, irrespective of time since date of commitment, without formal order of remand to prison; no jeopardy having attached.

**2. Homicide ⊚⊃338(4)—Admission of testimony, carefully and explicitly excluded after evidence was in, held not prejudicial error.**

In prosecution for assault to murder, admission of testimony, with reservation of ruling, as to defendant's statement before crime that $500 bond would not keep him from killing prosecuting witness if he wanted to, held not prejudicial error, where judge carefully and explicitly excluded it from jury after evidence was all in.

**3. Homicide ⊚⊃294(1)—Charge to acquit, if defendant was unable to distinguish right from wrong, etc., held properly refused as omitting consideration of question of insanity.**

In prosecution for assault to murder, charge to acquit, if defendant was unable to distinguish right from wrong, or know probable consequence of assault, at time thereof, held properly refused as omitting consideration of question of insanity pleaded by him.

**4. Criminal law ⊚⊃48—Circumstances necessary to warrant acquittal on plea of insanity stated.**

Defendant can be acquitted on plea of insanity only when evidence reasonably satisfies jury that he was so afflicted by disease of brain, when offense was committed, as to render him so insane that he did not know right from wrong, or could not resist doing of wrong.

**5. Criminal law ⊚⊃941(1)—New trial not justified by merely cumulative evidence.**

New trial is not justified by merely cumulative evidence.

**6. Criminal law ⊚⊃1160—Refusal of new trial after patient hearing of merely cumulative evidence not reversed.**

Jury having found defendant mentally responsible by verdict of guilty, refusal of new trial on merely cumulative additional evidence, after patient hearing with all witnesses and defendant before court, will not be reversed.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Mark McNaron was convicted of assault with intent to murder, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte McNaron, 104 So. 340.

Charges 3 and 4, refused to defendant, are as follows:

(3) If you believe from the evidence that the defendant did assault his wife and, at the time of the assault, he was unable to distinguish right from wrong, or to know the probable consequence of the assault, then he is not guilty, and the jury should so find.

(4) If you believe from the evidence in this case the defendant was suffering from a diseased mind on the afternoon of the assault and at the time of the alleged assault, then this fact may generate in the mind of the jury a reasonable .doubt as to his guilt, and if it does, then you are required by law to give the defendant the benefit of all reasonable doubt arising out of the evidence or want of evi-

----

⊚⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dence. and acquit him, and this is true notwithstanding you believe beyond a reasonable doubt the defendant assaulted his wife.

M. B. Grace and F. D. McArthur, both of Birmingham, for appellant.

It is requisite that the superintendent of the hospital inform the trial judge that defendant has been restored to sanity, and that defendant be remanded to jail upon order of the trial judge. Code 1907, § 7178; 32 C. J. 646. The testimony of the witness Abernathy was prejudicial, and its effect was not removed. Brown v. State, ante p. 39, 100 So. 616; Wright v. State, 148 Ala. 596, 42 So. 745. Defendant had been once put upon trial, and should not have been tried again on the same indictment. Code 1907, § 7181; Gilbert v. State, 172 Ala. 386, 56 So. 136; Parrish v. State, 139 Ala. 16, 36 So. 1012; Maxwell v. State, 89 Ala. 150, 7 So. 824; Allen v. State, 52 Fla. 1, 41 So. 593, 120 Am. St. Rep. 188, 10 Ann. Cas. 1085; 1 Bishop's New Crim. Law, § 1013.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

The report of the hospital superintendent was sufficient. The defendant was properly put upon trial. Code 1923, § 4575. The evidence of the witness Abernathy was relevant. Hall v. State, 208 Ala. 199, 94 So. 61. There is no error in refusal of charges already covered. Allen v. State, ante p. 48, 100 So. 618. Error in admission of evidence is removed where the evidence is distinctly withdrawn. 38 Cyc. 1440; Foxworth v. Brown Bros., 120 Ala. 59, 24 So. 1; A. G. S. v. Frazier, 93 Ala. 45, 9 So. 303, 30 Am. St. Rep. 28; Houston Biscuit Co. v. Dial, 135 Ala. 168, 33 So. 268.

SAMFORD, J. [1] The defendant was indicted on a charge of assault to murder his wife. When the cause was first called for trial, on April 3, 1923, an inquisition was regularly had as to the sanity of the defendant at that time, and upon a verdict of a jury before whom the issue was tried, the court entered an order committing the defendant to the hospital for the insane until such time as he should regain his sanity and then to be returned to the proper authorities for trial on the indictment. According to the record before us, this inquisition was held in full compliance with section 4575 of the Code of 1923 (Code 1907, § 7178), and did not in any way place the defendant in jeopardy. The inquiry was, "Is the defendant now sane or insane?" The finding was that he was insane and the proceeding was suspended pending his commitment to the hospital. When the defendant voluntarily left the custody of the hospital authorities and returned to the sheriff, and the superintendent of the hospital notified the judge by letter that the defendant was no longer insane, although such letter was not couched in formal terms, the bar to further proceedings was thereby removed, and the court could legally proceed with the trial, whether the time elapsing from date of commitment was one day or 10 years. Section 4575 of the Code of 1923 is a complete answer to every contention made by appellant on this point. The defendant being already in the custody of the sheriff, no formal order of remandment to prison by the judge was essential to a continuance of prosecution. The record before us does not disclose that the defendant had ever been previously put upon trial for the offense charged in this indictment, therefore the insistence that jeopardy had attached is without foundation, and the authorities cited are not in point.

[2] It is insisted that the court committed error to a reversal by admitting the testimony of Judge Abernethy as to a statement made by defendant in his court prior to the alleged crime to the effect that, "a bond of $500 would not prevent him or keep him from killing her if he wanted to." This evidence was admitted with a reservation of ruling on the part of the trial judge. After the evidence was all in, the judge in a careful and explicit manner excluded the evidence from the jury. We do not pass upon the legality of the evidence excluded, but in any event the care shown by the judge in withdrawing the evidence removed every vestige of injury which otherwise would have obtained, so as to meet the rulings in Brown's Case, 20 Ala. App. 39, 100 So. 616, and authorities there cited.

[3] Charge 3 omits a consideration of the question of insanity. Before the jury would be authorized to acquit the defendant on the plea of insanity, they must be reasonably convinced that the act proven was the result of a diseased brain. All of which had been fully covered by the court in his oral charge and in charges given in writing.

[4] Charge 4 does not state a correct legal proposition. A man, charged with a crime which he has committed, can only be acquitted on the plea of insanity when the evidence reasonably satisfies the jury that at the time of the commission of the offense the defendant was so afflicted by a disease of the brain as to render him insane to such extent that he either did not know the right from the wrong or knowing, did not have the power to resist the doing of the wrong. The rule has been so often stated as not to need citation of authority. Charge 4 did not state the rule correctly. What has been said is applicable to charge 6.

[5] The most earnest insistence, on behalf of appellant, is that the trial court should have granted the motion for a new trial on the additional facts presented at the hearing of the motion. Most certainly all of the evidence offered on this hearing was merely

cumulative, and would not of itself justify the trial judge in granting the motion. There being no rulings of the court on admission of evidence or refusal of charges upon which a reversal can be predicated, we are asked to hold that the trial judge committed error in refusing to grant a new trial on the evidence.

[6] The jury, passing upon the facts, said by their verdict that the defendant was mentally responsible, and the judge, after what appears as an unusually patient hearing, with all the witnesses and the defendant before him with all the advantages of seeing and hearing the testimony, refused to grant the motion. A reversal of his decision on this question would be an undue exercise of the power vested in this court, and we must hold that in overruling the motion the trial court did not commit error.

There being no error in the record the judgment is affirmed.

Affirmed.