(106 So. 894)

### SAFFOLD v. STATE. (2 Div. 330.)

(Court of Appeals of Alabama. Dec. 15, 1925. Rehearing Denied Jan. 12, 1926.)

1. **Intoxicating liquors** �köm238(1)—**Evidence of possessing still held for jury.**

In prosecution for possessing a still, evidence *held* for jury.

2. **Criminal law** �köm941(1)—**Refusal of new trial, sought on cumulative evidence, proper.**

Refusal of a new trial, sought on evidence which was merely cumulative, *held* proper.

3. **Criminal law** �köm956(4)—**Affidavit for new trial as to testimony of fugitive from justice entitled to but slight weight.**

On application for new trial, the affidavit of a fugitive should be accorded but slight weight, as court can have no assurance that affiant would be present to testify on another trial.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Seaborn J. Saffold was convicted of possessing a still, and he appeals. Affirmed.

A. M. Pitts and Pettus, Fuller & Lapsley, all of Selma, for appellant.

Evidence to the effect that another than defendant committed the crime is sufficient to authorize a new trial. Houston v. State, 208 Ala. 660, 95 So. 147; Grissett v. State, 18 Ala. App. 675, 94 So. 271. Counsel discuss other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The defendant was not, under the conflicting testimony, entitled to the affirmative charge. Davis v. State, 19 Ala. App. 551, 98 So. 912; Johnson v. State, 18 Ala. App. 72, 88 So. 353; Sweatt v. State, 18 Ala. App. 198, 89 So. 831; Battles v. State, 18 Ala. App. 475, 93 So. 64; Reeves v. State, 19 Ala. App. 72, 95 So. 203; Edwards v. State, 19 Ala. App. 129, 95 So. 560. Merely cumulative evidence will not warrant a new trial. O'Bear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13; Malone Co. v. Hale, 207 Ala. 335, 92 So. 553. New evidence, not brought out on the trial, due to negligence of defendant, does not warrant new trial. Ala. Co. v. Norwood, 211 Ala. 385, 100 So. 479.

BRICKEN, P. J. This appeal has been considered by the court en banc. The entire evidence contained in the record, as well as briefs filed in behalf of appellant, have been read in full, and have had the attentive consideration of the court as a whole.

[1] We have reached the conclusion that the court properly refused the general affirmative charge requested by defendant in writing, as we regard the evidence adduced upon this trial as presenting a question for the determination of the jury. Our conclusion in this respect is based upon the undisputed evidence that, in close proximity to appellant's home, and in sight of his residence, there was found by the searching officers a complete still outfit, pits, fire coals, etc., also barrels and a vat containing approximately 200 gallons of beer or mash, and malted corn, that a plain footpath, in which at the time there were fresh, human tracks, led directly from the home of appellant to the still, which the evidence of the state showed to be only 100 yards distant, and that, at the woodpile, near the house of defendant, there was found a new vat, similar in size and construction, to the vat containing the beer and mash at the still. Moreover, there was undisputed evidence that this appellant, some months prior to the raid by the officers, was in possession of the same condenser found upon the still in question and offered in evidence, and that he carried it in his car to Orrville to have it repaired, and, after being repaired, carried it away from the shop in Orrville. His possession of, or other connection with, the still, etc., was denied by defendant. This conflict, together with his explanation of his possession of the condenser, presented, as stated, a jury question.

[2, 3] We are likewise of the opinion that the defendant's motion for a new trial was properly overruled by the court. The evidence adduced upon the motion for new trial was cumulative. Moreover, but slight weight should be accorded the affidavit of Warren Wright, alias Dutt, etc., who admittedly was a fugitive at the time of the making said affidavit, and the court below could have no assurance that, upon another trial, this affiant would be present in court to give testimony; the inference being affirmatively to the contrary.

No ruling of the court to which exception was reserved presents reversible error. The record proper is also without error. Therefore the judgment of the circuit court will stand affirmed.

Affirmed.