(119 So. 248)

## WATERS v. STATE. (1 Div. 818.)

Court of Appeals of Alabama. Dec. 18, 1928.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

SAMFORD, J. The evidence for the state, without conflict tended to prove every mate-, rial ingredient of the charge as laid in the indictment, and, while there was a formal plea of not guilty, the real defense was under plea 2, which was: "Not guilty by reason of insanity." In view of this state of the record it will be unnecessary to pass upon any of the questions relating to the plea of not guilty, for the reason that, if there was technical error in any of these rulings, it is very apparent that such rulings did not injuriously affect defendant's case.

Dr. Hall was introduced as a witness by defendant, and testified that he had examined defendant, and that he was mentally defective. On cross-examination, the solicitor asked this question: "Who had you to go down to examine this man?" This question was pertinent and legal. The state was entitled to show that the examination was made at the instance of defendant's counsel.

While Mrs. Boyee was being examined as a witness on behalf of the defendant, she was asked this question: "Has he the power to distinguish between right and wrong?" The issue being tried was the insanity of defendant at the time of the commission of the offense and not at the time of trial. Objection to the question was properly sustained. McNaron v. State, 20 Ala. App. 529, 104 So. 339. Moreover this witness had testified fully as to the mental condition prior to and at the time of the commission of the offense, and hence the sustaining of the objection to this question was without injury.

This defendant was tried at the spring term, 1923, of the circuit court of Conecuh county on a charge of felony. Upon a plea of insanity he was found not guilty by reason of insanity. Acting under section 4578 of the Code of 1923, the trial judge ascertained that "insanity continues," and entered an order committing the defendant to the hospital for the insane. Insanity once proved and decreed by a court of competent jurisdiction is presumed to continue. The burden of proof, however, as distinguished from the

S. C. Jenkins, of Bay Minette, for appellant.

burden of adducing evidence, still remains on the person who alleges insanity, and the order of the circuit court of Conecuh county committing defendant to the insane hospital does not preclude the state from inquiring into his sanity in another case charging crime where the same plea is interposed. 32 Corpus Juris, 757, par. 561: Code 1923, § 4572. To rebut this presumption of defendant's insanity, it was competent for the witness W. A. Moore to testify that while he had defendant in custody in Conecuh county he observed him nearly every day for five months, that there was nothing unusual about him; that in his opinion defendant was sane. This was an opinion of a nonexpert based upon an intimacy by one who had a close acquaintance with defendant and full opportunity to observe him and of forming an accurate judgment as to defendant's mental status. Powell v. State, 25 Ala. 21. The foregoing also disposes of defendant's motion to exclude the testimony of the witness Moore.

The testimony of state witness Dr. Bryars was properly admitted as expert testimony. The extent of Dr. Bryars' experience with insane persons, though limited, was not such as to exclude his testimony. It is not the number of persons a physician has treated that makes him an expert, but the thoroughness of his knowledge on the subject.

There is no evidence in this record that defendant was forced to give evidence against himself to Drs. McLeod and Bryars. It is true these doctors went to the jail, and, in the absence of defendant's counsel, conversed with defendant, but no force, either actual or legal, was used by them to induce the interview.

The motion in arrest of judgment on the ground that defendant had been indicted in Mobile county for the same offense was properly overruled. The evidence shows that the offense was committed in Baldwin county. If the court in Mobile county had assumed jurisdiction of the offense and of defendant, this may have been the proper subject for a plea, but not of a motion in arrest of judgment.

Refused charges 4 and 7 do not state the correct rule governing insanity in this state. Beasley v. State, 50 Ala. 149, 20 Am. Rep. 292.

The evidence was in conflict, and hence the general charge was properly refused.

Refused charge 6 does not correctly state the crime of robbery. Wesley v. State, 61 Ala. 282.

Other requested charges where correct statements of the law were made were fully covered by the court in his oral charge.

There is no error in the record, and the judgment is affirmed.

Affirmed.