152 So. 57

## FULLER v. STATE.

6 Div. 567.

Court of Appeals of Alabama.
Jan. 9, 1934.

J. A. Posey and Thos. J. Carey, both of Haleyville, for appellant.

Thos. E. Knight, Jr., of Montgomery, for the State.

SAMFORD, Judge.

The trial was had without error, and defendant was convicted of grand larceny and sentenced by the court to a term in the penitentiary. No exception is taken to any ruling of the court on the main trial, but, after trial and sentence, defendant makes a motion to set aside the verdict and for a new trial setting out several grounds, among which are:

(1) Bad feeling between defendant and one of the jurors empanelled to try the case, existing at the time of trial and the failure of

defendant's counsel to strike said juror from the list furnished by the clerk; (2) newly discovered evidence.

1. The defendant knew, at the time of striking the jury, the state of feeling between himself and the juror, and sat quietly by letting the cause proceed to judgment without bringing the matter to the attention of the trial judge. A party may not speculate on the result of a verdict and after a decision adverse to him take advantage of a fact known to him before the verdict and not brought to the attention of the trial judge.

2. As to the newly discovered evidence, such evidence offered on the motion was merely cumulative and not of such character as to impress the court that, had it been offered on the trial, the result would have been different.

Raymond Murphy, of Florence, for appellant.

Moreover, the judge trying the case had all the parties before him and had the advantage of the atmosphere of the trial. The motion after a full hearing was denied by him, and his judgment is affirmed.

Affirmed.