198 So. 153

**DAVIS et al. v. STATE.**

**4 Div. 582.**

Court of Appeals of Alabama.

June 4, 1940.

Rehearing Denied June 25, 1940.

W. R. Belcher and J. B. Hicks, both of Phenix City, for appellants.

Thos. S. Lawson, Atty. Gen. and Francis M. Kohn, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

This is a joint appeal, by the two appellants, from a judgment of conviction, for the offense of grand larceny. The property involved, and alleged to have been stolen, was a Ford automobile, of the value of $700, the personal property of Bessie Lewis.

The corpus delicti was fully proven by the undisputed testimony. The material and controlling question upon the trial, and here as well, was the identity of the perpetrators of the offense charged; and on this question there was sharp and direct conflict in the testimony, presenting, therefore, a question for the jury to determine.

During the trial, the court's ruling upon the admission of the testimony was invoked, and exceptions reserved, but a few times. Upon examination and consideration of these exceptions, we find no error which, in our opinion and judgment would authorize or justify this court in putting the trial court to error; certainly we find, in this connection, no erroneous ruling of the court sufficient for us to declare that the substantial rights of the two accused men were prejudiced to the extent that, for these reasons, the judgment of conviction should be reversed. Rule 45, Code 1923, 4th Vol., p. 895.

The question of the sufficiency of the evidence to sustain the judgment of conviction is not tested, except by the motion for a new trial. The affirmative charge was not requested, nor was there a motion to exclude the evidence. The ruling of the court in denying defendant's motion for a new trial is relied upon principally to effect a reversal.

The motion of defendants for a new trial was originally based upon three grounds, all practically of the same import, i. e. "that the verdict was contrary to the law and the evidence." The motion was afterwards amended, the amendment was predicated upon several enumerated grounds, each of which upon the hearing of the motion, was supported by affidavits of named affiants, and designated as newly discovered testimony, with proper averments as to diligence, etc., in securing. same.

The rules of law relative to the two grounds of the motion for a new trial, above stated, have been definitely settled by innumerable decisions of this Court and the Supreme Court. (1) "That, 'the verdict of the jury [is] contrary to the evidence';" a new trial, on the ground that the verdict is contrary to the evidence, will not be granted where it affirmatively appears that the questions involved are for the determination of the jury, unless it is clearly apparent that the verdict is palpably wrong or unjust. Smith v. State, 23 Ala.App. 488, 128 So. 358, 359, certiorari denied, 221 Ala. 217, 128 So. 359; 7 Alabama Digest, Criminal Law, ☞ 935 (1). (2) As to whether or not the verdict of the jury was contrary to law, there could be no tenable insistence to this effect. The law denounces and prohibits the offense of grand larceny, and prescribes punishment for the person regularly found to be guilty of such offense. Here, as stated, the testimony disclosed conclusively that grand larceny had been committed by some person or persons; hence, the controlling and conclusive question involved upon the trial and this appeal is, Did the two persons (appellants) accused of the offense commit this crime, or did they not?

The several remaining insistences that error prevailed in the action of the court in overruling and denying the motion for a new trial are founded upon certain matters designated as newly discovered evidence. As stated, hereinabove, these matters were supported by several affidavits, all of which have been carefully examined and considered, and we discover that this so-called newly discovered testimony relates to the question of the alibi of the accused defendants on which subject numerous witnesses were examined pending the main trial. The proffered testimony is therefore cumulative, and upon newly discovered evidence which is merely cumulative a new trial cannot be granted. Hutchens v. State, 207 Ala. 126, 92 So. 409; Uptain v. State, 20 Ala.App. 111, 101 So. 75; Burden v. State, 20 Ala.App. 387, 102 So. 464; McNaron v. State, 20 Ala.App. 529, 104 So. 339, certiorari denied, Ex parte McNaron, 213 Ala. 156, 104 So. 340; Saffold v. State, 21 Ala.App. 216, 106 So. 894; Martin v. State, 22 Ala. App. 154, 113 So. 602 (second case), re-

versed, 216 Ala. 160, 113 So. 602 (first case), rehearing denied, 22 Ala.App. 191, 113 So. 452; Fuller v. State, 26 Ala.App. 47, 152 So. 57; Johnson v. State, 21 Ala. App. 565, 110 So. 55.

Upon the trial several witnesses testified to facts tending to show that these two defendants were seen at the car in question, that they appeared to be tampering with the automobile a few minutes before its asportation, and further three or four witnesses testified to having seen the two defendants drive the car away from the place it had been left, by the son of the owner. There was no uncertainty as to the identity of these two men in the testimony of the three or four police officers on this point. They testified, "I am positive that it was Martin who was driving, and that Davis was in the car with him." Other testimony of like import was introduced upon the trial of this case; and many other facts highly incriminating. We are requested, in effect, not to believe the testimony of practically all of the State's witnesses upon the grounds, among others, that such testimony is unreasonable. Such request is equivalent to asking this court to substitute itself for the trial judge and jury who tried this case, and also vitiate the well settled rule, that on appeal from refusal to grant new trial, the appellate courts will indulge every presumption in favor of the verdict and the ruling of the trial judge on the motion. Equitable Life Assur. Soc. v. Garrett, 26 Ala.App. 395, 160 So. 776; 2 Alabama Digest Appeal and Error, pp. 739, 740. ⚖ 933(1). The earnest, able and respected, counsel for these appellants, known to this court as such, should, and do know, that we have no such prerogative, and that it is not within our province, even if we were so inclined, to announce and hold, that the jury should have given no credence to the testimony of the witnesses introduced and examined by the prosecution in this case. To the contrary, we are of the opinion and so hold, that the testimony adduced upon the trial was ample to sustain the verdict of the jury, and also to support the judgment of conviction pronounced and entered.

We find no error of a reversible nature upon the trial of this case in the court below, and as the record proper is regular and free from apparent error thereon, it is ordered that the judgment of conviction

from which this appeal was taken will stand affirmed as to both of these appellants.

Affirmed.