The defendant was indicted and convicted for theft in the first degree. Alabama Code 1975, Section 13A-8-3. Sentence was life imprisonment as a habitual offender. Three issues are presented on appeal.
 I
The confession was admissible despite the fact that a law enforcement officer obtained routine information from the defendant before advising him of his rights under Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
After the defendant had been arrested and taken to the city jail, he intelligently and voluntarily waived his Miranda
rights and admitted his guilt. However, before Sergeant W.J. Herron warned the defendant of his constitutional rights, he questioned the defendant and obtained such information as the defendant's name, address, age, race, date of birth, social security number, height, weight, mother's and father's name, address and telephone number. These questions seeking biographical information "did not relate, even tangentially, to criminal activity." United States v. Menichino, 497 F.2d 935,941 (5th Cir. 1974). They were "non-investigative" questions not designed to investigate crimes or the involvement of the arrested person or others in crimes. Menichino, 497 F.2d at 941, f. 3. "Miranda was only `concerned with protecting the suspect against interrogation of an investigative nature rather than the obtaining of basic identifying data required for booking and arraignment.'" United States v. Grant,549 F.2d 942, 946 (4th Cir.), cert. denied, 432 U.S. 908, 97 S.Ct. 2955,53 L.Ed.2d 1081 (1977), quoting United States ex rel. Hines v.LaVallee, 521 F.2d 1109, 1113 (2d Cir. 1975), cert. denied,423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976). See also W. Ringel, 2 Searches Seizures, Arrests and Confessions, Section 27.4 (b) (2d ed. 1981).
The defendant argues that Sergeant Herron used these questions during the "limbering up" phase of the interrogation "to break the ice and loosen the ground before asking more material questions." There is absolutely no indication contained in the record that Sergeant Herron used any form of deception, however sophisticated or subtle, in obtaining a statement from the defendant. The defendant did not testify and presented no evidence at the hearing on the voluntariness of his confession.
 II
At trial, the defense called a clinical psychologist in an attempt to prove that the defendant was incompetent to waive his *Page 963 
constitutional rights. Dr. A. Raburn Jones testified that, ten years before the commission of the now charged crime, he had administered certain tests and determined the defendant to be of "borderline intelligence, neither average nor retarded" with a full scale I.Q. of 69.
On cross examination of Dr. Jones, the State was allowed to prove, over the objection of defense counsel, that Dr. Jones' interview with the defendant had occurred in the Birmingham City Jail. The defendant argues that since he did not testify his character was not in issue and the fact that he had been previously incarcerated constituted inadmissible character evidence.
This situation was invited by the defendant and the State was properly permitted to show by cross examination of Dr. Jones any factor that would tend to discredit the results of his tests on which his conclusion and opinion were based.
 "It is of course fundamental that until a witness had put his character in issue the State is not authorized to prove his bad character. Furthermore, the trait of character sought to be proved must be relative to the nature of the crime for which a defendant is being prosecuted. "However, it is equally fundamental that when a matter has been gone into by one party to a cause, the other side likewise has a right to go into the same matter and to explain away anything, if he can, that may have been brought out to his detriment."
 Cummings v. State, 34 Ala. App. 650, 653, 43 So.2d 326
(1949).
The State had a right to show the circumstances under which the test results were obtained. Dockery v. State, 269 Ala. 564,114 So.2d 394 (1959); Wilson v. State, 22 Ala. App. 554, 117 So. 615
(1928). One party may cross examine an adversary expert psychiatric witness as to the depth of his investigation. Brownv. State, 45 Ala. App. 391, 397, 231 So.2d 167 (1970). On cross examination the State is entitled to show that the examination of the defendant by an expert witness was at instance of defense counsel. Waters v. State, 22 Ala. App. 644, 645,119 So. 248 (1928). After Dr. Jones testified on direct examination for the defendant, the jury was entitled to hear any and all the information he used in arriving at his opinion of the defendant's mental condition. Braswell v. State, 371 So.2d 992,997 (Ala.Cr.App. 1979).
 III
The defendant argues that the following remarks by prosecutor in closing argument constitute reversible error.
 "He (the defendant) thinks it's funny to go out here and steal somebody's car."
* * * * * *
 "We can't work for anything and hold on to it nowdays because people like Mr. Varner are going out and stealing it."
The first comment is arguably within the wide latitude allowed a prosecutor in drawing inferences from the evidence. A police officer testified that the defendant waved at him when he got "side-by-side" the stolen automobile and then sped away in an attempt to escape when the officer pulled in behind him. Additionally, the trial judge, although overruling the defendant's objection, immediately instructed the jury that what the attorneys argued was not evidence. "It is not every improper remark to which objection is not sustained which will require a reversal." Flint v. State, 370 So.2d 332, 334
(Ala.Cr.App. 1979).
The second comment was within the latitude allowed prosecutors in their exhortations to the jury to discharge their duties in such a manner as, not only to punish crime, but to protect the public from like offenses and as an example to deter others from committing like offenses. Cook v. State,369 So.2d 1243 (Ala.Cr.App. 1977), affirmed in part, reversed in part on other grounds, 369 So.2d 1251 (Ala. 1978). "It is clear that a district attorney in closing argument may make a general appeal for law enforcement." Cook, 369 So.2d at 1254. We find no abuse of the discretion of the trial judge with regard to his rulings on the objected to comments of the prosecutor. *Page 964 
After considering the issues presented by the defendant on appeal, we find that the judgment of the circuit court should be affirmed.
AFFIRMED.
All Judges concur.