TYSON, Judge.
John Ricky Reeves was charged by indictment with the forcible rape of the prosecu-trix, in violation of Title 13A-6-61 Code of Alabama. The jury found the appellant “guilty of rape in the first degree” and the trial court, following a habitual offender hearing, set sentence at life imprisonment without parole.
Since the issues presented on appeal do not materially contest the pertinent facts from which this appeal arises, only a succinct statement is herein set out.
On February 10,1982, John Ricky Reeves and two companions, Kenneth White and William Jaeger, escaped from the Morgan County Jail in Decatur, Alabama. Within one hour of their escape, the three men arrived at the home of the prosecutrix and her husband in Cullman County, Alabama. The appellant pointed a gun at the victim’s husband and demanded his money and tied him up with an electrical cord. William Jaeger was left to keep watch over the husband. The appellant and White then roamed about the hQuse and, according to *536 the prosecutrix, came into the bedroom where she was sleeping, awakened her, and demanded that she remove her clothing. (R. 44). The appellant then raped the pros-ecutrix and after doing so Kenneth White also raped her. The prosecutrix was afflicted with Muscular Dystrophy. She stated that she was afraid that the appellant would take her two young children as the appellant told her that he would take one of them if she attempted to notify anyone.
The husband finally freed himself after the three men left, the appellant and his two companions having taken the automobile belonging to the victim and her husband.
The prosecutrix’s complaint was verified by Lieutenant Larry Waldrop and Ed Lee, investigators with the Cullman County Sheriff’s Office. The fact of the rape was also established through the testimony of Dr. Kevin Colback and Edward Hightower, a Lab Technician with Cullman Medical Center.
The appellant endeavored through the testimony of his mother, Imogene Reeves, and former physician, Dr. Connely Duncan, to show that appellant had a nervous disorder and needed to see a psychiatrist.
The record in this cause establishes, however, that the appellant had been sent to Bryce Hospital, where, following examination, he had been pronounced competent to stand trial, and fully capable of cooperating with his attorneys.
I
The appellant first argues that the trial court committed reversible error by refusing to allow him to examine the prose-cutrix with reference an alleged civil suit filed against the Morgan County authorities.
It should be first here noted that the appellant did not attempt to present this evidence in cross-examination of the prose-cutrix during the presentation of the State’s case in chief. Rather, the appellant waited and called her as his witness and then sought to cross-examine her with reference the alleged civil suit. The trial court sustained the State’s objection and indicated to appellant’s counsel that the court would not permit such testimony with reference the alleged civil suit.
From the record, pages 104-105:
“THE COURT: You can’t put that on in Direct Examination, you ask her on Cross about bias and interest and knowledge, which you didn’t do, you called her as your own witness. If he objects I am going to rule it out. You understand he has called her directly as his witness, you can’t do that, first of all and show bias of this witness to testify in a criminal case, if you asked her on Cross-Examination — .
“MR. BRUNNER: If I had her on Cross-Examination we would have asked it.
“THE COURT: Even if you asked her on Cross-Examination it is a very close question, it hasn’t been decided, I think, in this jurisdiction, if the Defendant in the civil cause of action, whether you can show bias — .
“MR. BRUNNER: Including from argument?
“THE COURT: Yes, unless you can get the evidence in, you can’t argue it.
“MR. BRUNNER: All right.
“THE COURT: I am telling you what I am ruling, you can object to my ruling in the record.
“MR. BRUNNER: They can object to my argument.
“THE COURT: I will sustain it and admonish you, if you argue it, if he objects to it.
“MR. BRUNNER: That portion in my argument, they can object to it.
“THE COURT: You can except to the Court’s ruling, of course, that is why we are in her, but, I will not, of course, I would sustain an objection, you called her as your own witness to show bias and prejudice in here, your own witness, I doubt that you can impeach your own witness.”
As shown in the above colloquy, appellant’s counsel was seeking to cross-examine *537 the prosecutrix, having called her as his own witness. Clearly, the trial court properly refused to allow the appellant’s counsel to impeach his own witness. McElroy’s Alabama Evidence, § 171.01 (Third Edition 1977).
It should also be noted that neither the appellant or any of his companion’s were named as co-defendants in the alleged civil case.
We are therefore of the opinion that the trial judge properly did not permit the attempted examination of the prosecutrix with reference the alleged civil action in Morgan County.
II
The appellant next argues that he had filed a Motion in Limine requesting that any evidence with reference his alleged escape from the Morgan County Jail shortly before the rape be kept from the trial jury. This motion was denied and the State was allowed to establish, through the testimony of Thomas Little of the Morgan County Sheriff’s Department, that the appellant and his two companions did, in fact, escape from the Morgan County Jail on February 10, 1982, near midnight, and that he notified the authorities in the neighboring counties.
On cross-examination, the appellant’s counsel brought out that the appellant was apprehended the following day in Winston County, Alabama.
We do not believe that the appellant’s argument is well founded. The appellant’s argument overlooks two important legal principles. First, the escape in question was “contemporaneous” with the robbery and rape and was therefore admissible under the “res gestae” exception. See O’Neal v. State, 50 Ala.App. 31, 276 So.2d 616, cert. denied, 290 Ala. 370, 276 So.2d 621 (1973). Also, evidence of other alleged criminal activity is properly admitted where, as here, the episode at issue is part of one continuous criminal transaction. See Johnson v. State, 355 So.2d 1160 (Ala.Cr. App.1978); Thompson v. State, 374 So.2d 388 (Ala.1979); McElroy’s Alabama Evidence, § 69.01(3), (Third Edition 1977).
We are clear to the conclusion that no error resulted from admission of the testimony concerning the appellant’s and his companions’ escape from the Morgan County Jail.
Ill
Appellant also argues that the trial court erred in failing to sequester the jury as requested. Appellant asserts in his motion for new trial that the failure to sequester the jury resulted in bias and prejudice on the part of the jury because they were exposed to a newspaper which headlined the trial of the case and the guilty plea of a co-defendant.
The State in brief calls our attention to record page 9, where the trial judge instructed the jury not to go to the crime scene, and not to read or listen to any media coverage of appellant’s trial. After this instruction, the trial judge asked defense counsel if there was anything else to be covered and counsel replied, “That’s all”. (R. 9).
Section 12-16-9(d), Code of Alabama 1975, as amended 1982, reads as follows:
“In the prosecution of any noncapital felony the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, provided that the court may at any time on its own initiative or on motion of any party, require that the jury be sequestered under the charge of a proper officer whenever they leave the jury box or the court may allow them to separate. A motion to separate or sequester shall not be made within the hearing of the jury, and the jury shall not be informed which party, if any, requested separation or sequestration. (Acts 1943, No. 384, p. 358; Acts 1982, No. 82-566.)”
We are of the view that under the directions of the court which were repeated in its oral charge, that the appellant has failed to demonstrate that his case was prejudiced or that its outcome could have been affected by the trial court’s ruling.
*538 In light of the actions of the trial judge, we. do not believe the appellant has demonstrated error in this cause.
It is clear from our examination of the record that the State presented a prima facie case and that the sentencing hearing which followed trial was in all respects proper. We find no error in this proceeding and the judgment appealed from is due to be and the same is affirmed.
AFFIRMED.
All the Judges concur.