Stevie Tyrone Orr was indicted and convicted of theft of property in the second degree, § 13A-8-4, Code of Alabama (1975). He was sentenced to 15 years' imprisonment under the Habitual Felony Offenders Act. Three issues are raised on appeal.
 I
This is a shoplifting case involving the theft of a coat from Southeast Zayre Corporation in Birmingham. The appellant contends that the court erred by allowing the security manager to testify to the value of stolen property because his knowledge of value was acquired through inadmissible hearsay. The evidence tends to show that the appellant removed a coat from a rack, put it on, put his own coat on over it, and attempted to leave the store. The security manager, Hence Williams, stopped the appellant and placed him under arrest.
At trial, the only evidence presented on the issue of the value of the coat was the testimony of the security manager. The coat did not have a price tag on it. The security manager testified that he had an employee in the department from which the coat was stolen take the coat and compare it to identical coats on the rack to determine the price. After the police arrived he went to the rack and determined the price by the same procedure.
This case is similar in many aspects to DeBruce v. State,461 So.2d 889 (Ala.Crim.App. 1984). In that case a silver cup was shoplifted from Rich's Department Store in Birmingham. The store detective was the only employee called to testify as to the value of the cup. This court held that she "was not qualified to testify to her opinion concerning the value of the cup" because *Page 1015 
of "the undisputed fact that her knowledge of that value was based solely on the price tag." We adopted the position that store security officers are not qualified to testify as to the value of stolen merchandise where their knowledge is based solely on the price ticket, and that any such testimony should be excluded as incompetent. State v. White, 37 Conn. Super. 796,437 A.2d 145 (1981); State v. Coleman, 19 Wn. App. 549,576 P.2d 925 (1978); DeBruce v. State, supra.
In the present case the security manager testified that he had nothing to do with the pricing of goods in the store. His testimony concerning the value of the coat was based on what someone else told him and on a price tag he observed on another coat. According to this court's ruling in DeBruce, the trial court erred in allowing the security manager to testify as to the value of the stolen property.
 II
The appellant contends that the trial court erred in allowing a state's witness to testify to other property allegedly stolen by appellant near the time of the property made the basis of this case and for which no charge was lodged against appellant.
As a general rule, evidence of other collateral crimes is not admissible as substantive evidence to establish the guilt of the accused in a particular crime. Miller v. State,405 So.2d 41 (Ala.Crim.App. 1981). One well established exception to this rule is where the evidence of other or collateral crimes is relevant as part of the res gestae. Johnson v. State,335 So.2d 663 (Ala.Crim.App. 1976), cert. denied, 429 U.S. 1026,97 S.Ct. 649, 50 L.Ed.2d 629 (1976). See Schroeder, Evidentiary Use inCriminal Cases of Collateral Crimes and Acts: A Comparison ofthe Federal Rules and Alabama Law, 35 Ala.L.Rev. 241 at 251 (1984).
A careful review of the record reveals that after the appellant was placed under arrest by the security manager and was apprised of his rights he attempted to gain his release by making a deal with the security manager. Appellant offered to surrender property which he had stolen and taken outside only minutes before he was apprehended while leaving the store with the coat which was the subject of the indictment. We believe that this statement by the appellant served to make it a part of the res gestae and indicated that his actions were close enough in time to show that it was part of one criminal transaction. Evidence of other alleged criminal activity is properly admitted where the episode is part of one continuous criminal transaction. Reeves v. State, 432 So.2d 535
(Ala.Crim.App. 1983).
In the case of Howard v. State, 371 So.2d 475 (Ala.Crim.App. 1979), this court held that where a defendant was indicted for feloniously taking and carrying away one diamond ring, testimony tending to establish that defendant had committed a similar offense at a store one block away on the same day as the crime charged should properly be admitted as constituting one continuous occurrence or adventure. In the present case the evidence tended to show that the defendant had committed the same offense at the same store only a few minutes earlier. This tends to establish an even more convincing argument for admission as constituting one continuous occurrence than that presented in Howard, supra.
The trial court did not err in allowing testimony concerning the other property allegedly stolen by the defendant.
 III
The appellant contends that the trial court erred in not sustaining objections to the prosecutor's remarks to the jury in final argument with regard to the effect of shoplifting on the community at large. These statements were: "Everyone of us in this room have to pay for it" and "People shoplift and the stores have to raise their prices."
The trial judge is in the best position to collect and weigh all considerations *Page 1016 
in reviewing allegedly inflammatory questions or remarks by counsel, and great weight should be accorded his determination.Pickett v. State, 417 So.2d 589 (Ala.Crim.App. 1982).
The comment in the present case is not unlike that in Varnerv. State, 418 So.2d 961 (Ala.Crim.App. 1982), in terms of its effect on the jury. There, the prosecutor in closing argument commented, "We can't work for anything and hold on to it nowadays because people like Mr. Varner are going out and stealing it." In Varner, supra, this court held that the comment was within the latitude allowed prosecutors in their exhortations to the jury to discharge their duties in such a manner as, not only to punish crime, but to protect the public from like offenses. Statements of counsel in argument must be viewed as in the heat of debate and must be valued at their true worth rather than as factors in the formation of the verdict. Hayes v. State, 395 So.2d 127 (Ala.Crim.App. 1980),cert. denied, 395 So.2d 150 (Ala. 1981); McQueen v. State,355 So.2d 407 (Ala.Crim.App. 1978); Pickett v. State, 417 So.2d 589
(Ala.Crim.App. 1982).
The trial court at the time of closing arguments instructed the jury that the lawyers "can argue all inferences they can draw from the evidence," that "they can argue their interpretation of the law" and that "what they say is not evidence." This instruction would serve to offset any inflammatory result of the particular statements in question.
The trial court did not err in not sustaining the Defendant's objection to the prosecutor's remarks in closing argument.
Because the store security manager's testimony was incompetent and should have been excluded, the conviction must be reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.