564 So.2d 1002 (1989)
Walter S. JAMES
v.
STATE.
4 Div. 108.
Court of Criminal Appeals of Alabama.
March 31, 1989.
Rehearing Denied August 25, 1989.
On Return to Remand February 23, 1990.
Rehearing Denied April 27, 1990.
Certiorari Denied June 22, 1990.
*1003 Lexa Dowling of Johnson, Hornsby, Etheredge & Dowling, Dothan, for appellant.
Don Siegelman, Atty. Gen., and Andy S. Poole, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 89-1186.
McMILLAN, Judge.
This is an appeal of the denial of the appellant's Rule 20, Temp.A.R.Cr.P., petition by the circuit court of Houston County.
The appellant was convicted in July, 1983 of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama (1975), and was sentenced under the Habitual Felony Offender Act to life imprisonment without parole. Appeal of that conviction was made to this Court, which affirmed the judgment of the trial court. James v. State, 494 So.2d 808 (Ala.Cr.App.1986). In October 1987, the appellant filed the Rule 20 petition sub judice, alleging ineffective assistance of counsel, and alleging numerous errors by counsel in support of his claim. The appellant's petition was denied after an evidentiary hearing, and this appeal followed.
Although the appellant has argued several alleged errors by trial counsel, because one if these grounds requires remand of this case, the remaining grounds will not be addressed at this time.
*1004 While he does not expressly state that he was not represented by counsel at the time of prior convictions, the appellant argues that the documents offered by the State to prove prior convictions for purposes of sentence enhancement do not show that he was represented by counsel or that the right to counsel was waived. The State concedes in its brief that the documents pertaining to the appellant's two prior convictions in Florida do not affirmatively show representation of counsel or waiver of such representation, and the State requests remand of this cause for such a determination to be made.
It is therefore ordered that this case be remanded to the trial court with instructions that a hearing be held on this issue. At this time, the State shall be afforded the opportunity to offer further proof that the appellant was represented by counsel at the time of these convictions, or that this right was waived. In the event that the State is unable to affirmatively show representation, the trial court is also instructed to resentence the appellant in a manner compatible with the provisions of the Habitual Felony Offender Act, § 13A-5-9(b), Code of Alabama (1975).
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
We remanded this case to the trial for a hearing to be held on this issue, finding the record unclear as to whether the appellant was represented by counsel or whether counsel had been waived in two prior Florida convictions that were used to enhance his sentence. On return to remand, the trial court held that the two Florida conviction had been improperly used to enhance the appellant's sentence and resentenced the appellant, without sentence enhancement, to life imprisonment. As this is within the range of punishment for a Class A felony prescribed by § 13A-5-6(a)(1), Code of Alabama (1975), this Court will now address the remaining issues raised in appellant's petition.
The appellant argues that his trial counsel was ineffective. In Hope v. State, 521 So.2d 1383 (Ala.Cr.App.1988), Judge Bowen, writing for this Court, reiterated the burden of proving ineffective assistance of counsel:
"In order to establish a claim of ineffective assistance of counsel a defendant must prove, first,
"`that counsel's performance was so deficient as to fall below an objective standard of reasonableness. Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct. Second, petitioner must show that counsel's deficient performance prejudiced the defense and deprived petitioner of a fair trial. Prejudice is shown when, absent the errors, there is a reasonable probability that the jury would have had a reasonable doubt respecting guilt.' Ex parte Baldwin, 456 So.2d 129, 134 (Ala. 1984), affirmed, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985), applying the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
"A defendant must prove that counsel's incompetence resulted in prejudice.
"`In order to establish ineffective representation, the defendant must prove both incompetence and prejudice. [Strickland v. Washington] 466 U.S. at 688, 104 S.Ct., at 2065. There is a strong presumption that counsel's performance falls within the "wide range of professional assistance," id., at 689, 104 S.Ct., at 2065; the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Id., at 688-689, 104 S.Ct., at 2065-2066. The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances and the standard of review is highly deferential. Id., at 689, 104 S.Ct., at 2065. *1005 The defendant shows that he was prejudiced by his attorney's ineffectiveness by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694, 104 S.Ct. at 2068. See also, id., at 695, 104 S.Ct., at 2069 (Where a defendant challenges his conviction, he must show that there exists "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt"). And, in determining the existence vel non of prejudice, the court "must consider the totality of the evidence before the judge or jury." Ibid.' Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 2586-87, 91 L.Ed.2d 305 (1986).
"A defendant must show that counsel's unprofessional error resulted in injury.
"`Even assuming, arguendo, that defendant's counsel erred and that this error was professionally unreasonable, that would not in and of itself warrant setting aside the judgment of a criminal proceeding if the error did not affect the judgment. Strickland, supra, 466 U.S. at 691 [104 S.Ct. at 2066]. The defendant must affirmatively prove prejudice; that is, he "must show that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694 [104 S.Ct. at 2068]. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, supra, 466 U.S. at 689 [104 S.Ct. at 2065]. Strategic choices made after a thorough investigation of relevant law and facts are virtually unchallengeable and those strategic decisions made after less than complete investigation are "reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, supra, 466 U.S. at 691 [104 S.Ct. at 2066].'"
Id., at 1384-85.
The appellant, a black male, assigns error to counsel's failure to object to the State's alleged use of its peremptory challenges to remove blacks from the venire. In so arguing, appellant appears to contend that counsel's performance should be judged based on his conduct pursuant to the Supreme Court's decision in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We do not agree.
The adequacy of counsel's performance must be determined by the law in effect at the time of the appellant's trial. Strickland v. Washington, 466 U.S. 668, 688-90, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984); Jordan v. State, 548 So.2d 1059, 1061-62 (Ala.Cr.App.1989). At the time of the appellant's trial, the State's use of its peremptory challenges to strike black veniremen was governed by the rule of law established in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Under Swain, a defendant alleging that the prosecution exercised its peremptory challenges to discriminate unlawfully against a particular group had to demonstrate that the State had systematically excluded members of that group from juries over a period of time. Id., 380 U.S. at 221-22, 85 S.Ct. at 836-37. See also, Project: Criminal Procedure, 76 Geo.L.J. 921, 969 n. 2203 (1988).
At the appellant's evidentiary hearing, the Houston County circuit clerk testified that the appellant's jury venire included two blacks. She testified that the State used its first two strikes to remove these blacks from the venire without objection by the appellant's trial counsel.
Although this testimony may have established a prima facie case of purposeful discrimination by the State in its use of its peremptory challenges under Batson, supra, 476 U.S. at 96, 106 S.Ct. at 1722, it falls far short of proving a violation of Swain, supra. Thus, even if counsel's failure *1006 to object to the State's use of its peremptory challenges constitutes "professional error," the appellant has still failed to satisfy the "prejudice" prong of the test for ineffective assistance of counsel established by Strickland, supra, 466 U.S. at 688, 104 S.Ct. at 2064. Moreover, the failure to raise a Batson claim in a pre-Batson case did not constitute ineffective assistance of counsel. Morrison v. State, 551 So.2d 435 (Ala.Cr.App.1989); Poole v. United States, 832 F.2d 561 (11th Cir.1987).
The appellant further argues that trial counsel, who also represented him on appeal, erred by failing to raise a Batson claim by way of a supplemental brief while his certiorari petition was pending before the Alabama Supreme Court. The Batson decision was released during that period. In support of his argument, appellant relies on Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), and Ex parte Jackson, 516 So.2d 768 (Ala.1986), which held that Batson should be applied retroactively to cases pending on direct review or whose judgments were not yet final when Batson was announced. In deciding this issue adversely to the appellant, however, it is not necessary for this Court to reach the merits of his claim. A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Because the appellant had no constitutional right to counsel to pursue his petition for writ of certiorari, he could not be deprived of the effective assistance of counsel due to his attorney's failure to file a supplemental brief that raised a Batson claim. See generally, Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); Bies v. State, 418 So.2d 940, 942 (Ala.Cr.App.1982).
The appellant contends that he was prejudiced by counsel's failure to object to the introduction of unauthenticated convictions from the State of Kentucky for use in sentence enhancement, as well as by counsel's failure to object to the State's alleged failure to give him notice as to which of his prior convictions would be used to enhance his sentence. As previously stated, however, the record on return to remand indicates that the appellant was not resentenced under the Habitual Felony Offender Act. Rather, he was sentenced, without enhancement, for a Class A felony. We, therefore, do not need to address these issues.
The appellant next argues that trial counsel failed to investigate whether the search of his apartment was valid, but instead relied upon erroneous information provided by witnesses for the prosecution. Specifically, appellant contends that the apartment lease, which was admitted into evidence at the hearing on his Rule 20, A.R.Cr.P. Temp. petition, was in his name, and that Amy Lamb did not have authority to consent to a search of the apartment.
"It is well settled that warrantless searches of a home are valid where a co-occupant consents to the search." Dixon v. State, 476 So.2d 1236, 1239 (Ala.Cr.App. 1985) (citations omitted). "The consent of one who possesses common authority over premises or effects is valid as against the absent, non-consenting person with whom that authority is shared. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)." Williams v. State, 527 So.2d 764, 769 (Ala.Cr.App.1987).
Regardless of whether the lease of the apartment where the search occurred was in Amy Lamb's name, it is clear from the record that Ms. Lamb was a co-occupant of the premises. Ms. Lamb's trial testimony indicated that she lived in the apartment and that she paid its rent with money she received from the appellant.
In the case sub judice, counsel's knowledge of the correct leaseholder of the apartment would have had no bearing on the outcome, since Lamb's status as a co-occupant authorized her to consent to the search. Matlock, supra; Williams, supra; Dixon, supra. Thus, the appellant again fails to satisfy the "prejudice" requirement of Strickland, supra.
The appellant contends that his arrest warrant was invalid because it was executed in Pike County, but was not endorsed *1007 by a magistrate or judge of that county, as required by § 15-10-10, Code of Alabama (1975), and because he was never brought before a judge or magistrate in Houston County, where the warrant issued, as required by § 15-10-12, Code of Alabama (1975). He argues that, had counsel investigated the circumstances of his arrest, he "would have been released." Appellant therefore contends that he was denied the effective assistance of counsel.
Even if counsel's failure to challenge the validity of appellant's arrest warrant rises to the level of professional error as contemplated by Strickland, supra, the appellant once again fails to show how counsel's error deprived him of a fair trial. Id., 466 U.S. at 687, 104 S.Ct. at 2064. He does not allege, and neither does the record suggest, for example, that incriminating evidence was obtained as a result of his arrest. At worst, the appellant suffered the loss of whatever temporary freedom he might have enjoyed until a second arrest warrant could be issued. Cf. Holloway v. State, 38 Ala.App. 501, 88 So.2d 700 (1956). Further, because the appellant's arrest warrant is not included in the record, there is nothing for this Court to review to determine its validity. Sandifer v. State, 535 So.2d 203, 205 (Ala.Cr.App.1987).
The appellant complains that counsel failed to object to comments by the prosecutor, such as "Look at the defendant sitting there smiling after committing the crime."
"The conduct of the accused or the accused's demeanor during the trial is a proper subject of comment." Wherry v. State, 402 So.2d 1130, 1133 (Ala.Cr.App.1981). See also, Haywood v. State, 501 So.2d 515, 520 (Ala.Cr.App.1986). "Statements made by a prosecutor are not evidence, Henry v. State, 468 So.2d 896 (Ala.Cr.App.1984), cert. denied, Ex parte Henry, 468 So.2d 902 (Ala.1985), and must be evaluated at their true worth rather than as factors in the formation of a verdict. Orr v. State, 462 So.2d 1013 (Ala.Cr.App.1984)." Id.
The comments of the prosecutor in this case do not create grounds for reversible error, and counsel did not err in failing to object. Neither does this Court agree with the argument advanced by the appellant that the prosecutor's remarks constituted an impermissible reference to his failure to testify. Appellant's argument as to this issue must therefore fail. Although the appellant raises additional claims for this Court's review, they find little support in the record of this case and do not merit further discussion.
The evidence in the present case fails to support appellant's claim of ineffective assistance of counsel. Therefore, the judgment of the trial court is correct and is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.