Kidnapping; sentence: ten years imprisonment.
Early on the morning of November 8, 1976, as the eighteen-year-old prosecutrix was walking to school, she was accosted by William Dalton Norsworthy. He forced her into a car in which he and the appellant were riding. She was forced to sit between the driver, Norsworthy, and the appellant as they left Montgomery and drove into Elmore County, near the Sand Town area. They drove to a deserted spot where they forced the victim to strip, and they both then raped her. The two men then drove away, leaving the prosecutrix stranded in the deserted area. The victim walked to a road, flagged down a truck, and was taken to the sheriff. She was later taken to Baptist Hospital in Montgomery where she was examined and treated for rape. After leaving the hospital, the victim viewed two lineups, during which she identified both the appellant and his accomplice. Both men had been arrested before noon on the date of the crime, based upon a description of their automobile given by the prosecutrix and witnesses to the abduction.
The appellant's brief sets out only one ground for reversal, based upon the alleged prejudicial effect of four statements made by the prosecutor in his closing argument to the jury.
The first statement was: *Page 519 
 "Folks, only in America could we have Kenneth Hemphill come to the assistance of a thug like Alexander Price."
The defense made a general objection which was sustained by the trial court. Without a request from appellant, the trial court instructed the jury to disregard the comment.
The second statement complained of was:
 "Let's go back to November 6th, 7:50 in the morning. [Prosecutrix] was grabbed by her left arm. Was Barry Teague there to yell `I object'? Was the Honorable Perry Hooper there to say `I sustain'? Where was Kenneth Hemphill on that date?"
Appellant's general objection was sustained by the trial judge.
The third comment was:
 "I submit to you that Alexander Price is unworthy of the benefits accorded the accused —"
Another general objection was interposed to which the prosecutor replied, "I submit he's unworthy, and it's argument, Your Honor." Appellant then moved for a mistrial. The court's reply was:
 "I will state this. What counsel has to say as I said to you earlier, is argument, in summary of what they see the facts and law to be, and I want you to have that in mind. I will sustain the objection, but I deny your motion for a mistrial."
The record shows that the trial court sustained the appellant's objection to the above three statements. The trial court properly, promptly, and without a request from the appellant to do so, admonished the jury to disregard the comments of counsel, and instructed the jury as to the purpose of arguments by counsel.
Our Supreme Court in Allred v. State, 291 Ala. 34,277 So.2d 339 (1973) stated:
 "It is a general rule that where prejudicial statements are made in the heat of argument, even though improper, in accommodation of our adversary system, such statements are considered capable of being eradicated by the trial judge in sustaining objections thereto or by appropriate instructions to the jury or both. . . . But our cases also recognize that an exception to this rule exists where, irrespective of the best efforts of the trial judge to disabuse the mind of the jury of any prejudicial impression, the conviction obtained is not in an impartial atmosphere. . . ." (Citations omitted.)
The above statements of counsel were not so prejudicial, individually or in their cumulative effect, as to create an atmosphere of bias and prejudice that would require the granting of a mistrial. Scott v. State, 47 Ala. App. 509,257 So.2d 369 (1972).
The fourth statement to which objection was raised was:
 "Now, ladies and gentlemen, I won't belabor the evidence, but I want to say this. You have it within your power to turn your back on the women and children of this community —"
The trial court overruled the general objection of the appellant.
This latter statement appears to be no more prejudicial than a general appeal for law enforcement in the county, by asking the jury not to turn their backs on the people of the community. Embrey v. State, 283 Ala. 110, 214 So.2d 567 (1968);Green v. State, 19 Ala. App. 239, 96 So. 651 (1923); 6A,Alabama Digest, Criminal Law, § 723 (3). Neither did the prosecutor's comments here single out a juror or group of jurors and appeal to their fears or prejudices. Atchison v.State, Ala.Cr.App., 331 So.2d 804, cert. denied, Ala.,331 So.2d 806 (1976).
It is appellant's contention that the reference to children in the above statement had the effect of accusing him of committing criminal acts against children. We note here that while the victim was not an infant, neither was she an adult. We deem the prosecutor's argument to be a reasonable inference which he may argue from the fact in evidence that the victim was an eighteen-year-old school girl, on her way to school at the time of the abduction. *Page 520 
This Court has noted many times that a trial, "is a legal battle, a combat in a sense, and not a parlor social affair."Arant v. State, 232 Ala. 275, 167 So. 540 (1936). Such statements by counsel are usually weighed by the jury at their true worth. That is, the jury views such statements as mere argument, and not as evidence to be weighed in reaching their verdict. This is especially so where the trial judge gives proper instruction to the jury concerning the purpose of argument by counsel and to the weight which should be accorded such statement.
Additionally, we note that each objection made by the appellant was general in nature. It is the duty of counsel, objecting to statements made in argument by opposing counsel, to make a specific objection pointing out substantially the language deemed objectionable. The trial court, as a general rule, will not be put in error for overruling a general objection interposed to statements made by opposing counsel.McClary v. State, 291 Ala. 481, 282 So.2d 384 (1973); Fergusonv. State, 36 Ala. App. 358, 56 So.2d 118 (1952). The only exception to this general rule is where the remark or argument is so grossly improper and highly prejudicial to the defendant, "that neither retraction nor rebuke by the trial court would have destroyed its sinister influence. . . ." Anderson v.State, 209 Ala. 36, 95 So. 171 (1922).
We find that the above four comments were not so grossly improper and highly prejudicial that their effect could not be eradicated by proper ruling of the trial judge, nor did their cumulative effect create an atmosphere of bias and prejudice incapable of eradication by proper admonition to the jury.
We find no error on the part of the trial judge in this regard.
AFFIRMED.
All the Judges concur.