[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 111 
The appellant was indicted and convicted for the unlawful possession of marijuana and hydromorphone. Section 20-2-70, Code of Alabama 1975. The trial judge imposed a sentence of eight years' imprisonment. Appellant's retained attorney was appointed by the trial court to represent him on this appeal.
In urging this court to reverse his conviction, the appellant finds error in his trial because of (1) the failure of the trial judge to grant his motion to suppress the evidence of the fact that the appellant had a key to the house searched and (2) the three alleged prejudicial remarks made by the Deputy District Attorney in closing argument before the jury.
 I
The trial court did not err in denying the appellant's motion to suppress any testimony concerning the appellant's act of producing a key and unlocking the door to the house where the drugs were found.
Based on the testimony of a reliable informant, Prichard Police Detective Jack Harbin obtained a search warrant to search inside the appellant's residence at 617 Baldwin Drive, Prichard, Alabama, for the presence of Dilaudids (hydromorphone).
The search warrant was executed within two hours after its issuance. Detective Harbin testified that when he went to the residence to execute the warrant the appellant and three other males drove up and stopped in front of the house. Two men got out but the other man and the appellant drove away only to be stopped by a backup squad car and returned to the residence. Detective Harbin told the appellant that they had a search warrant to search his house and needed to get inside.
 "When we got back to the door, I asked him to unlock the door, if not we would have to force it open with a sledge hammer. At this time he pulled a key out of his pocket and unlocked the door."
On these facts it is argued that the appellant's actions were involuntary and an infringement of his right against self-incrimination.
Section 15-5-9, Code of Alabama 1975, furnishes the authority for an officer, in executing a search warrant, to break into a house.
 "To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything *Page 112 
therein if after notice of his authority and purpose he is refused admittance."
However it is not always necessary to have an affirmative refused admittance before an officer will be justified in forcing entry. This statute does not prohibit officers executing a warrant from forcing an entrance into a house which is unoccupied or where they have failed to obtain a response within a reasonable period.
Subject to the constitutional requirement that an officer use only reasonable force in gaining entry to execute a search warrant, the execution of a search warrant by forceful entry on an unoccupied residence is not per se unreasonable. The constitution does not require that the occupant be present before his home can be searched under a valid search warrant.United States v. Gervato, 474 F.2d 40, 43 (3rd Cir.), cert. denied, 414 U.S. 864, 94 S.Ct. 39, 38 L.Ed.2d 84 (1973); Paynev. United States, 508 F.2d 1391 (5th Cir.), cert. denied,423 U.S. 933, 96 S.Ct. 287, 46 L.Ed.2d 263 (1975).
Under the circumstances, Detective Harbin was only informing the appellant of what he had a proper and legal right to do. The fact that the appellant then opened the door with a key which he produced from his pocket is no more incriminating than if, being inside the residence, he had opened the door to admit the officers after having been informed of their authority.
 II
The appellant predicates three errors on the remarks of the Deputy District Attorney made in closing argument to the jury.
 A.
The first objected to remark is contained in the following portion of the record.
 "MR. VALESKA (Deputy District Attorney): Look at this piece of paper when you go back there and use your common sense. That will tell you what type person the Defendant is, this one little piece of paper.
 "MR. HOLLOWAY (Defense Counsel): Judge, wait a minute, I'm going to object to a statement about referring to State's Exhibit . . .
"MR. VALESKA: Five.
 "MR. HOLLOWAY: Five, the statement about referring to this one little piece of paper, that will tell you what kind of person he is, as implying that the Defendant is guilty of crimes other than those charged in the indictment.
"THE COURT: Sustain the objection.
 "MR. HOLLOWAY: I move the Court to instruct the jury to disregard that statement.
"THE COURT: Disregard Mr. Valeska's last statement.
 "MR. HOLLOWAY: I would also move the Court to grant a mistrial.
"THE COURT: Denied."
The trial judge sustained defense counsel's objection and instructed the jury to disregard the remark. This was sufficient to cure any possible prejudice generated by the prosecutor's statement.
A motion for a mistrial implies a miscarriage of justice and should only be granted where it is clearly manifest that justice cannot be afforded. Crouch v. State, 53 Ala. App. 261,299 So.2d 305, cert. denied, 292 Ala. 718, 299 So.2d 312
(1974); Section 12-16-233, Code of Alabama 1975. A mistrial does not serve the same function as a mere objection or motion to strike and is not ordinarily used to indicate a mere erroneous ruling of law. It specifies such fundamental error in a trial as to vitiate the result. Thomas v. Ware, 44 Ala. App. 157, 204 So.2d 501 (1967).
 "A mistrial will not be granted on motion of defendant where the court has sustained his objections to alleged improper argument and excluded it from the jury's consideration, unless it clearly appears that the defendant's rights have been so prejudiced as to render a fair trial a matter of grave doubt." Watson v. State, 266 Ala. 41, 44, 93 So.2d 750, 752 (1957).
We cannot say that the statement in this case was so injurious as to deprive the *Page 113 
appellant of a fair trial. Price v. State, 348 So.2d 517
(Ala.Cr.App. 1977); McCulloch v. State, 338 So.2d 187
(Ala.Cr.App. 1976).
 B.
The appellant would also have this court reverse his conviction because of the following statement of the prosecutor.
 "MR. VALESKA: What is the one question that I submit to you will solve this whole case, the one question the Defense did not ask and did not put up any testimony to? They brought the Defendant's friend right in here to testify to you, (Mr. Valeska writes on blackboard) but they didn't ask him that question."
* * * * * *
 "MR. HOLLOWAY: Judge, at this time the Defense would object to the statement of the Prosecutor to the jury that one question the Defense did not ask, did not put up any testimony on, was where did Van Diamond live. I submit that is a comment on the Defendant's failure to take the witness stand.
"THE COURT: How did he ask the question?
 "MR. VALESKA: What I said was something to the effect that they brought a person in to testify, but the one question they did not ask him was, and I wrote on the board, where did the Defendant live.
 "MR. HOLLOWAY: Have you got that on record anywhere? I want that put on record, Judge, that statement by the State that `They did not put on any testimony as to where did Diamond live'.
 "THE COURT: It will become. I deny your motion for a mistrial."
In the context in which it was made we find this argument unobjectionable. A statement by the prosecuting attorney to the effect that the evidence for the state is uncontradicted or undenied is not a comment on the defendant's failure to testify unless the defendant himself is the only one who can contradict or deny that evidence. Beecher v. State, 294 Ala. 674,320 So.2d 727 (1975); Robinson v. State, 352 So.2d 11
(Ala.Cr.App.), cert. denied, 352 So.2d 15 (Ala. 1977). Here the prosecutor simply stated that defense counsel did not ask the one witness called on behalf of the defendant where the defendant lived. This was properly within the scope of argument as being merely a comment that the state's evidence was uncontradicted. Swain v. State, 275 Ala. 508, 156 So.2d 368
(1963); Welch v. State, 263 Ala. 57, 81 So.2d 901 (1955);Richardson v. State, 354 So.2d 1193 (Ala.Cr.App. 1978).
 C.
The appellant objected to a third comment made by the prosecutor in closing argument.
 "MR. VALESKA: Look at that stuff in there. I don't have to tell you what damage it does in this community. I don't have to tell you how it hurts the young people in this community, how they prey on them. It robs them of their minds, it robs them of their athletic ability because of people like him, and you may not in your life have ever run across one . . .
"MR. HOLLOWAY: Judge, I want to make an objection.
"MR. VALESKA: . . . but there he is.
 "MR. HOLLOWAY: Judge, I'm going to object to his statement of this stuff robbing young people of their minds and their athletic ability because of people like the Defendant as being improper comment. There is absolutely no evidence of any young people or anything else in this trial.
"THE COURT: I deny your motion.
"MR. HOLLOWAY: I would move for a mistrial.
"THE COURT: Denied."
The affidavit supporting the search warrant was admitted into evidence. In this affidavit Detective Harbin stated that his informer had seen the appellant sell two yellow tablets of Dilaudid to an unknown white male for forty dollars. When arrested the appellant had his child with him. There was testimony that the appellant and three other males drove up to the appellant's *Page 114 
residence and two "guys" got out. One of the "guys", Jerry Driggers, testified for the appellant and stated that he was twenty-three years old.
In numerous cases convictions have been reversed for prosecutorial accusations of other crimes, unsupported by the record, or appeals to the passion and prejudice of the jury.Racine v. State, 290 Ala. 225, 275 So.2d 655 (1973). A statement that the defendant would sell liquor or narcotics to children, where not supported by the evidence, is improper and a reversal will follow where the objection to such remark is overruled. Roden v. State, 3 Ala. App. 202, 58 So. 72 (1912);Racine, supra. The rule was discussed in Dollar v. State,99 Ala. 236, 237, 238, 13 So. 575, 576 (1892).
 "We do not think a narrow or rigid rule should be laid down in restraint of the argument of counsel. Observation and experience show that jury trials rarely occur wherein counsel, in the zeal of discussion, are not led to indulge impertinent remarks, the expression of personal opinions, and often to draw illogical and improper deductions from the evidence. It often occurs, too, that counsel differ as to the testimony of witnesses, each insisting upon his recollection or version of facts which have been deposed to. In the interest of the ending of litigation, a wide range must be given to the arguments of counsel, and much must be left to the good sense and sound judgment of the jury, who will ordinarily be able, under proper instructions from the court, to give proper consideration to what has been said, and not suffer themselves to be influenced by outside and irrelevant matters, and improper opinions and conclusions, drawn into the discussions before them. But there should be a limit placed upon this license. Counsel should not be permitted by the court, against the objection of the opposite party, to state as fact that of which there is no evidence whatever, and particularly that which is irrelevant to his adversary's cause, and of which no evidence would have been received if offered, if the facts so stated are of such a character as that they are well calculated to impress the minds of the jurors, or some of them, to the injury of the opposite party."
* * * * * *
 "We do not mean to say that the solicitor may not comment upon the evils generally of the crime which the law he is seeking to enforce intends to prevent; but he goes beyond this when he gratuitously states to the jury, as fact, the existence of particular evils, in the locality of defendant's offense, and to which that offense is supposed by him to be related. The defendant's guilt must be determined by the facts touching the particular act with which he is charged, and, as we have said, his punishment must be determined by the nature of the act committed, and a consideration of the evils generally resulting from the commission of such acts, within the limits prescribed by law."
Where the prosecuting attorney asserts a fact not in evidence which is prejudicial to the defendant it is error. McAdory v.State, 62 Ala. 154 (1878). Thus it constituted reversible error for the District Attorney to argue "whose children were these drugs to be sold to? How much money was to be made by selling this illegal drug?" in a prosecution for falsely obtaining Dilaudid, where such statements did not find evidentiary support in the record and constituted an appeal to passion and prejudice. Taylor v. State, 54 Ala. App. 353, 308 So.2d 714
(1975). The prosecutor's argument that there was no telling how many 15, 16 and 17-year old girls and boys the defendant had sold to constituted reversible error in a prosecution for possession of heroin wherein evidence was offered that the defendant had sold heroin to a 15 or 16-year old boy and no evidence was offered that he had sold it to a girl. Smith v.State, 51 Ala. App. 527, 287 So.2d 238, cert. denied, 292 Ala. 750, 289 So.2d 808 (1974).
In this instance the objected to remarks do not directly charge the appellant with selling drugs to young people. While that meaning could, perhaps, be read into the remark, the statement could also be *Page 115 
considered as an appeal to law enforcement and a comment on the evils of the crime charged. The trial judge was in the best position to determine the propriety of the argument and under these circumstances we are unwilling to find that he abused his discretion in overruling the objection. An appeal for law enforcement is within the limit of legitimate forensic discussion. Embrey v. State, 283 Ala. 110, 214 So.2d 567
(1968); Sanders v. State, 260 Ala. 323, 70 So.2d 802 (1954);Price v. State, 348 So.2d 517 (Ala.Cr.App. 1977); Cooper v.State, 55 Ala. App. 576, 317 So.2d 543 (1975).
We have written to every error assigned by the appellant and searched the record on appeal. Finding that the appellant received a fair trial free of injury to his substantial rights, we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.