BOWEN, Judge.
The defendant was indicted and convicted of grand larceny and sentenced to six years’ imprisonment. The only issue on appeal concerns the propriety of the prosecutor’s remarks in closing argument.
The comment objected to appears in the record.
“MR. WHIDDON [Assistant District Attorney]: —has anyone refuted that, I ask you?
“MR. CRESPI [Defense Counsel]: I object to that as an incorrect comment. “THE COURT: Sustained. Ladies and gentlemen, please disregard that remark — any reference to that remark made by the District Attorney. It is not necessary in a case to refute that. The burden of proof is on the State of Alabama.
“MR. CRESPI: The defendant moves for a mistrial.
“THE COURT: Come up here, please.’ The trial judge denied the motion for a mistrial. In its final instructions to the jury the court charged:
“The defendant is under no obligation to say anything, put on any evidence at all to prove that he is innocent.
“It’s up to the State to prove this guilt, and the fact that he has not testified in this case is not to be considered by you in any way as any evidence in this case. It is a right that he has.”
Initially, we note that the prosecutor’s remark is ambiguous. The trial judge heard the entire comment in the context in which it was made and was in a much more favorable position to judge the prejudicial qualities of the comment.
In this case the defendant did not offer any defense and the State’s evidence was uncontradicted. The rule in Alabama is:
“Where the State’s evidence does stand uncontradicted, the prosecutor does have the right to point this out to the jury. In that circumstance the prosecutor could say: ‘There has been no refutation of any of the evidence presented by the State,’ or more simply, ‘The State’s evidence stands uncontradicted,’ or other appropriate comment to like effect.”
Beecher v. State, 294 Ala. 674, 682, 320 So.2d 727 (1975).
There were six persons and the defendant in the automobile when the defendant stole the purse. The State called three of these people to testify. Thus there were others who could testify other than the defendant. See Robinson v. State, 352 So.2d 11 (Ala.Cr. App.), cert. denied, 352 So.2d 15 (Ala.1977).
“A statement by the prosecuting attorney to the effect that the evidence for the State is uncontradicted or undenied is not a comment on the defendant’s failure to testify unless the defendant himself is the only one who can contradict or deny the evidence.”
Diamond v. State, 363 So.2d 109,113 (Ala. Cr.App.1978).
*1186 “Where the trial court immediately charges the jury to disregard the prosecutor’s improper remarks, there is a prima facie presumption against error.” Nix v. State, 370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala.1979).
The trial judge did not abuse his discretion in refusing to grant the mistrial because of the prosecutor’s remarks in closing argument. We have searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
HARRIS, P. J., and TYSON and BOOK-OUT, JJ. concur.
DeCARLO, J., not sitting.