TYSON, Judge.
John Yarbrough was indicted for the sale of Pentazocine in violation of the Alabama Controlled Substances Act. The jury found the appellant guilty as charged and the trial judge sentenced him to six years in the penitentiary.
On August 29, 1982, Earnest Turney, an undercover narcotics agent with the Madison County Sheriffs Office, went to 584 Binford Court and purchased one Talwin tablet from the appellant for $8.00.
I
The appellant’s first contention concerns the chain of custody of the Talwin tablet. The record clearly indicates Turney gave the tablet to Lt. Hennessy the morning after he purchased it from the appellant. Hennessy kept it in his possession until he sent one-half of it to Martha Odom for analysis. A proper chain of custody was proven at trial. The State sufficiently established that the Talwin tablet was in substantially the same condition as it was when it was purchased. Slaughter v. State, 411 So.2d 819 (Ala.Cr.App.1982); Sterling v. State, 421 So.2d 1375 (Ala.Cr.App.1982).
II
The second issue the appellant raises is the sufficiency of the evidence. It is clear from this record that there was sufficient evidence from which the jury could conclude, by fair inference, that the appellant was guilty of the offense charged. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978).
Ill
In the third issue, the appellant complains that he was not allowed to confront and cross-examine a confidential informant who was at the scene when Tur-ney purchased the Talwin tablet.
The confidential informant in this case was not even present during the sale of the Talwin tablet. He remained outside during this time. Furthermore, he did not testify in this case and did not give Turney any information which was used as evidence against the appellant. The only evidence of the informant’s presence at the scene was elicited by the appellant. The State was not required to reveal the identity of the informant. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Self v. State, 420 So.2d 798 (Ala.1982).
We find no error and this case is hereby affirmed.
AFFIRMED.
All the Judges concur.