Prior Report: 485 So.2d 777.
Certiorari was granted in this case in order to determine whether Holland Wilhite should be granted a new trial because of a statement made by counsel for the State.
On April 24, 1982, Ricky Schultz, police chief of the town of Sipsey, was making his routine patrol. After twice driving by the Harton residence he was flagged down by Eddie Gann, one of several people gathered in front of the Harton residence. Schultz and Gann were discussing a possible condemnation of the Harton residence when Wilhite walked up to the rear of the car holding a can of beer and the following occurred:
 WILHITE — "Do you remember when you maced me last year for no reason?"
 SCHULTZ — "Holland, I remember macing you but I had a reason."
 WILHITE — "The best thing you can do is to get your ass out of here because I am in a bad mood." *Page 788 
 SCHULTZ — "The best thing you can do is get off the street with that beer in your hand."
 WILHITE — "Why don't you get out of the God damn car and make me?"
At this point Schultz got out of the car and Wilhite struck him. A fight then ensued between the two, during which Wilhite was shot. The shooting occurred after Schultz attempted to arrest Wilhite.
Wilhite was found guilty of second degree assault and sentenced to eight years' imprisonment. The Court of Criminal Appeals affirmed the judgment of the trial court. The following occurred at the end of the closing argument to the jury by counsel for the State:
 "MR. GUSTIN: . . . That's why we're here. We're here to tell the — You're the conscience of the county and right now you are in your hands — It's in your hands to decide that the drunk dope addict had hit a police officer on the head —
 "MR. HIGGINS [Counsel for defendant]: I object, Your Honor, to the characterization of dope addict.
"THE COURT: Sustained.
 "MR. HIGGINS: There has been no testimony that those were unlawful barbiturates. May have been medication.
"THE COURT: Sustained.
 "MR. GUSTIN [Assistant District Attorney]: I submit if they had been medication he would have shown it to you.
 "The Sheriff had done all he can do. The district attorney's investigator investigated this and did all he could do. I've done all I can do. It's up to you to decide.
 "I submit the evidence shows you should find the defendant guilty of assault in the second degree.
 "Again I thank you for your attention very much." (Emphasis added.)
After the closing arguments were presented Wilhite moved for a mistrial. This motion was denied and the trial judge gave the jury instructions to disregard the phrase "drunk dope addict" used by counsel for the State.
Appellant presents three arguments:
 I
The prosecutor's reference to the appellant as a "drunk dope addict" is reversible error which was not eradicated by the trial court's instructions to the jury.
 II
The prosecutor's statement concerning the medication was an improper comment on the defendant's failure to testify.
 III
The trial court erred by failing to give the defendant's requested jury charge No. 26 on the issue of self defense.
 I
The statement made by counsel for the State that Wilhite was a "drunk dope addict" is an improper comment and the trial judge so ruled, and instructed the jury to disregard it. The assessment of whether an improper comment is eradicable must be made on a case by case basis in light of all that occurred at trial. Stain v. State, 273 Ala. 262, 138 So.2d 703 (1961). If it can be said with fair assurance "that the error did not influence the jury, or had but very slight effect, the verdict and judgment should stand" Stain, 273 Ala. at 266,138 So.2d at 706.
In analyzing other cases where improper remarks were held to be ineradicable, we have found no case with facts similar to those of the instant case. In Bozeman v. State, 25 Ala. App. 281, 145 So. 165 (1932), the prosecutor asked the defendant if this was the second person he had killed. In Stain v. State, supra, a witness referred to the time the defendant shot two other people in another state. In Renfroe v. State, 49 Ala. App. 713, 275 So.2d 692 (Ala.Cr.App. 1973), the prosecutor stated information that was privileged under the attorney-client privilege. All three of these cases involved murder convictions. *Page 789 
After considering the remark complained of in light of the entire record and in light of other cases, we are of the opinion that it had no ineradicable influence on the jury.
 II
Wilhite's second allegation of error concerns another statement made by the prosecutor during closing argument, as follows:
 "I submit if they had been medication he would have shown it to you."
Wilhite did not object to this comment at trial, but now argues that it was an improper comment by the prosecutor on his (the defendant's) failure to testify. In addition, Wilhite contends that, despite his failure to object, the issue was properly preserved on appeal when it was raised in his motion for a new trial because the comment was ineradicable.
In Griffin v. State, 393 So.2d 523, 528 (Ala.Cr.App. 1981), the Court of Criminal Appeals stated:
 "While the State may not call attention to a defendant's failure to testify it may expose the failure of the defendant to produce other exculpatory evidence. Before the State's comment will be interpreted as an improper comment upon the failure of the defendant to testify, there must be virtually direct reference to the defendant alone as the individual who has not become a witness. Robinson v. State, Ala.Cr.App., 352 So.2d 11, cert. denied, Ala., 352 So.2d 15 (1977); and cases cited therein; § 12-21-220, Code of Alabama 1975."
We do not find the prosecutor's comment in this case to be a comment on the defendant's failure to testify. Wilhite could have produced evidence to refute the State's comment other than by calling himself as a witness. Thus, the issue of whether the statement concerning the medication is improper comment is not properly preserved on appeal, because Wilhite failed to object at trial.
 III
Wilhite's final contention of error is that the trial court erred by failing to give the following requested jury charge on the issue of self defense:
 "26. The Court charges the jury that the Defendant had the right to use reasonable force to defend himself against an unlawful arrest of a Law Enforcement Officer."
Written jury instructions must be given or refused according to the words in which they are phrased. Alabama Code (1975), §12-16-13. Therefore, a requested jury charge is properly refused if it contains misspelled or misused words which would tend to confuse the jury or if it is not predicated upon the evidence.Bateman v. State, 408 So.2d 194 (Ala.Cr.App. 1981). In addition, if a requested charge that would be a proper instruction is covered in the oral charge or by the given requested charges, then its refusal does not constitute error. Bascom v. State,344 So.2d 218 (Ala.Cr.App. 1977).
Requested charge number 26 in this case was properly refused because it contains the word "of," which is misused. Also, a charge on self defense was given in another requested charge. Finally, the requested charge is incomplete, because it does not include a distinction between an unlawful arrest and a lawful arrest. Alabama Pattern Jury Instructions: Criminal § III-0-5 (d), p. III-D-14 (1980); Alabama Code (1975), § 13A-3-28.
We have reviewed the record and find no error substantially prejudicial to Wilhite. The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MADDOX, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
JONES, J. concurs in the result.