TYSON, Judge.
Shirley Ann Roper was indicted for theft in the second degree in violation of § 13A-8-4, Code of Alabama 1975. The jury found her “guilty as charged in the indictment” and she was sentenced to 15 years’ imprisonment in the penitentiary.
At approximately 2:00 on the afternoon of January 15, 1985, the security alarm at Eckerd’s Drugs on Ensley Avenue in Birmingham, Alabama went off as this appellant was leaving the store. Theodora Faye Carter, the cosmetician at Eckerd’s Drugs, stopped the appellant and told her to come back inside. The appellant then threw a bottle of cologne under a shopping cart and another onto a shelf.
Tommy Sams, the assistant manager, then checked the appellant with a hand-held scanning device. The device went off when it passed by the appellant. Sams, Carter and the appellant went to the office and Sams called the police.
After the police arrived, the appellant was taken from the scene. In the process, four more bottles of cologne fell from the appellant’s pants’ leg.
I
The appellant contends that the State failed to sufficiently prove the ownership of the six bottles of cologne. The indictment alleged that the bottles of cologne were the property of Jack Eckerd’s Corporation.
Sams testified that Eckerd Drugstore is owned by Jack Eckerd, Incorporated. He further stated that he had seen the corporate name four different ways — Jack Eck-erd’s, Incorporated, Jack Eckerd’s Corporation, Eckerd Drug Company and Eckerd’s Drug Company.
John Brehm, the manager of the store in question, testified that Eckerd’s Drugstore is a subsidiary of Jack Eckerd Corporation.
In light of this testimony, the ownership of the stolen property as alleged in the indictment was clearly shown. See Richardson v. State, 374 So.2d 433 (Ala.Crim.App.1979); Sanders v. State, 380 So.2d 1015 (Ala.Crim.App.1980).
II
Further, the appellant claims the State failed to prove the value of the stolen items. Carter, who was in charge of the cosmetics counter, testified that five of the six bottles of cologne had price tags on them. Two of the bottles of cologne were priced at $12.50. The other three bottles had a price of $12.00.
Carter was a competent witness to testify as to the value of the bottles of cologne. See Sales v. State, 435 So.2d 242 (Ala.Crim.App.1983). Her testimony certainly established that the value of the stolen items was over $25.00, the requisite amount set out in § 13A-8-4(e), Code of Alabama 1975. Caver v. State, 466 So.2d 190 (Ala.Crim.App.1985).
For the reasons shown, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.