516 So.2d 806 (1986)
Roderick ARMSTRONG
v.
STATE.
6 Div. 816.
Court of Criminal Appeals of Alabama.
July 15, 1986.
On Rehearing June 30, 1987.
Appeal Dismissed October 13, 1987.
*807 James M. Kendrick, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen. and Helen P. Nelson, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
This appeal follows the conviction of the appellant for the offense of theft in the second degree, in violation of § 13A-8-4, Code of Alabama (1975), and a sentence of *808 seventeen years' imprisonment. For the reasons outlined below, the decision of the trial court is due to be affirmed.
On June 7, 1984, the appellant, Roderick Armstrong, removed a drill from a shelf in Zayre's Department Store and attempted to leave the store with it. He was observed, however, by the store security manager, who stopped him; after being stopped, he was arrested for shoplifting. The security manager testified that he recovered the box from which the drill was removed and that the price on the box was $39.95. He further testified that he placed the box and drill in a stapled bag and stored it until it was taken to a preliminary hearing in District Court.

I.
Appellant contends that the trial court erred by allowing the security manager to testify as to the value of the drill. "`Testimony as to market value is in the nature of opinion evidence. A witness need not be an expert or dealer in a particular article in order to testify as to its value, if he has had the opportunity to form a correct opinion.'" Sales v. State, 435 So.2d 242, 244 (Ala.Cr.App.1983), quoting Lankford v. State, 396 So.2d 1099 (Ala. Cr.App.1981.) "The opinion of a non-expert `is to be considered like other evidence in connection with all the facts and circumstances and in the light of the knowledge and experience of the jury in finding the true value.' State v. Crawford, 277 Ala. 568, 173 So.2d 109 (1965)." Blackburn v. State, 448 So.2d 470, 471 (Ala.Cr.App.1984). "The only predicate necessary for receipt of such testimony is that the witness has had an opportunity to form a correct opinion of the market value which is a question to be determined by the trial court. State v. Self, 293 Ala. 541, 307 So.2d 11 (1975)." Tice v. State, 386 So.2d 1180, 1186 (Ala.Cr. App.), cert. denied, Ex parte Tice, 386 So. 2d 1187 (Ala.1980). Further, the competency of the non-expert witness is also a question for the trial court, and the opportunity that this witness may have had for forming his opinion goes to the weight of the evidence rather than to its admissibility. Daniel v. State, 439 So.2d 206, 208 (Ala.Cr. App.1983). "The trial court's determination will not be reversed on appeal unless its ruling is shown to be clearly unjust. Thomas v. State, 338 So.2d 1045 (Ala.Cr. App.1976); Morris v. State, 25 Ala.App. 494, 149 So. 359 (1933)." Tice v. State, supra, at 1186. Moreover, this court has stated, per Judge Taylor, that "[o]n appeal, in assessing the sufficiency of the evidence [a non-expert's testimony as proof of value], we are required to view the evidence in the light most favorable to the prosecution." (Citations omitted.) Blackburn v. State, supra, at 471.
Case law has carved out an exception to a non-expert's testimony as proof of value where the witness's testimony is based solely on his observation of a price sticker. "Store security officers are not qualified to testify as to the value of stolen merchandise where their knowledge is based solely on the price ticket." (Citation omitted.) DeBruce v. State, 461 So.2d 889, 891 (Ala.Cr.App.1984). This rule, however, is not applicable where the security officer's testimony is also based on some personal knowledge or experience. Id. Although the exact nature of this personal knowledge or experience has not been defined, it is clear that his opinion cannot be "based on what someone else told him." Orr v. State, 462 So.2d 1013, 1015 (Ala.Cr. App.1984); State v. Love, 147 Ariz. 567, 711 P.2d 1240, 1242 (1985). This court has indicated that the security guard-witness must have something "to do with the pricing of goods in the store." Orr, supra, at 1015. Thus, a witness who was in charge of a cosmetics counter is competent to testify as to the value of stolen cologne, Roper v. State, 491 So.2d 1055 (Ala.Cr.App. 1986), and a co-manager may testify as to the value of a stolen television set, Sales v. State, supra. However, a police officer has been held competent to testify as to the value of a stolen gun, despite his lack of involvement with pricing, because he owned and handled firearms as part of his official duty. Blackburn v. State, 448 So. 2d 470, 471 (Ala.Cr.App.1984). The rationale behind requiring personal knowledge or experience of security guards in order to *809 testify as to value is "because the [item or product] could have been mismarked and the guards would not have known. They knew what the tag said, but that was not necessarily the value of the [product]." Eldridge v. United States, 492 A.2d 879, 883 (D.C.App.1985). In the present case, the security guard had personal knowledge and experience as to pricing the merchandise apart from his observation of the price tags. He testified that part of his job responsibilities was to do "competitive shopping" and "go around and find mispriced merchandise." These activities are sufficient to render him competent to testify as to the value of the drill and, thus, the jury may consider his testimony.
Moreover, in the present case, the box which contained the drill had been marked with a price tag and, during the trial, the box was admitted as evidence. This court has heard a case wherein the sole issue was whether a manager should have been allowed to testify as to the value where he had "no `personal knowledge of said value.'" Oliver v. State, 479 So.2d 1385 (Ala.Cr.App.1985). Quoting DeBruce v. State, supra, the court held that "`in a shoplifting case, a price tag attached to the stolen property at the time of the theft is sufficient circumstantial evidence of value, where totally uncontradicted, to support a conviction grounded upon the marked price of its value.'" Oliver v. State, supra, at 1385. Thus, even if the security manager's testimony as to the value had been inadmissible, the error would have been harmless.

II.
The appellant contends that the trial court erred in not sustaining objections to the prosecutor's remarks during closing. First, he says the prosecutor indicated that the appellant may be guilty of crimes not charged in the indictment; second, he says the prosecutor adversely commented on the appellant's character, although no evidence of the appellant's character had been introduced; last, he says the prosecutor claimed that the appellant would have introduced rebuttal evidence had the State's proof of value not been accurate. The first two aforestated implications made by the prosecutor were derived from the same comment made twice during closing; for that reason, they will be treated concurrently.
During the prosecutor's closing argument, he stated:
"He [defendant] says probably he made a mistake that he was sorry and all that ... He didn't seem too concerned back on June the 7th, 1984, when he told the security guard, well, you've done a good job, you're good at your job. This sounds like he may know, may have some experience."
Upon the defendant's objection to this statement, the trial court issued jury instructions that lawyers were allowed to "draw any inferences they could draw from the evidence." Subsequently, the prosecutor repeated his comment, whereupon the defense made an objection and moved for a mistrial; both were overruled.
The prosecutor's statements are not evidence. Henry v. State, 468 So.2d 896, 899, (Ala.Cr.App.1984), cert. denied, 468 So.2d 902 (Ala.1985). Further, prosecutors are to be allowed a wide latitude in their exhortations to the jury. Varner v. State, 418 So.2d 961 (Ala.Cr.App.1982). "Statements of counsel in argument must be viewed as in the heat of debate and must be valued at their true worth rather than as factors in the formation of the verdict." Orr v. State, 462 So.2d 1013, 1016 (Ala.Cr. App.1984).
Moreover, "`[a] motion for mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court.' Nix v. State, [370 So.2d 1115 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala.1979)] at 1117." Henry v. State, supra, at 901.
"A motion for a mistrial implied a miscarriage of justice and should only be granted where it is clearly manifest that justice cannot be afforded. [Citations omitted]; Section 12-16-233, Code of Alabama (1975). A mistrial does not serve the same function as a mere objection or motion to strike and is not ordinarily used to indicate a mere erroneous *810 ruling of law. It specified such fundamental error in a trial as to vitiate the result. [Citation omitted.]" Diamond v. State, 363 So.2d 109, 112 (Ala.Cr.App. 1978).
In the present case, the statement made was not so injurious as to deprive the appellant of a fair trial. Diamond v. State, supra, at 112-13; Price v. State, 348 So.2d 517 (Ala.Cr.App.1977). "`[T]he general rule is that prejudicial statements, even though improper, are capable of being eradicated by the trial judge in sustaining objections thereto or by appropriate instructions to the jury or both.'" (Citations omitted.) Sales v. State, 435 So.2d 242, 245 (Ala.Cr.App.1983), quoting Meredith v. State, 370 So.2d 1075 (Ala.Cr.App.), cert. denied, 370 So.2d 1079 (Ala.1979). Thus, this court has held that a prosecutor's improper comment indicating that a defendant was stealing for a living was cured by the trial judge's instruction to the jury. Sales v. State, supra. Where the State referred to a defendant as a "drunk dope addict," the Supreme Court of Alabama opined that the comment had no ineradicable influence on the jury "in light of the entire record and in light of other cases." Ex parte Wilhite, 485 So.2d 787, 789 (Ala. 1986). "If it can be said with fair assurance `that the error did not influence the jury, or had but very slight effect, the verdict and judgment should stand." Wilhite, supra, at 788, quoting Stain v. State, 273 Ala. 262, 138 So.2d 703 (1961). In the instant case, the prosecutor's comment would have had little, if any, effect on the jury, especially in the light of the judge's instructions on how to view the remark. The judge explained that an attorney's remarks were not to be considered as evidence; thus, even if the comments had been improper, the judge's instructions prevented any possible prejudice.
Although in many cases "convictions have been reversed for prosecutorial accusations of other crimes, unsupported by the record" (Diamond v. State, supra, at 114), the present case is easily distinguishable. The line of cases calling for reversal concerns prosecutorial comments which "state as fact that of which there is no evidence whatever." (Emphasis added.) Id., quoting Dollar v. State, 99 Ala. 236, 237-38, 13 So. 575, 576 (1892). The instant case differs from this situation in the same way that Diamond was distinguished by this Court. In Diamond, the prosecutor commented in his closing argument: "I don't have to tell you how it [drugs] hurts the young people in this community, how they prey on them. It robs them of their minds, it robs them of their athletic ability because of people like him [defendant]...." This remark was determined to be capable of different interpretations, as the remark did "not directly charge the appellant with selling drugs to young people." Id. In the present case, the prosecutor's comment was not stated "as fact" and, thus, is capable of different interpretations. Prosecutorial statements which are merely trivial and non-prejudicial are not grounds for error. United States v. Long, 674 F.2d 848 (11th Cir.1982); Mitchell v. State, 480 So.2d 1254, 1258 (Ala.Cr.App. 1985). In the present case, the remarks were made within the wide latitude permitted for attorneys to draw any inferences or conclusions from the evidence and were therefore proper; moreover, any prejudicial effect that the comments may have produced were negated by the judge's instructions that the prosecutor's comment did not constitute evidence.
During his closing argument, the prosecutor, in the present case, also made the following comment: "... I guarantee you that if that computer list [of prices of store merchandise] [sic] or if there had been somebody in that store if that drill had been on sale or if it was sold for less than $39 he [appellant] would have had somebody down here to tell you that." Appellant alleges that this remark indicated that the defense had, through its failure to rebut the State's evidence as to value, failed in its burden of proof even though it is the State's responsibility to prove that the value of the stolen merchandise exceeds $25. This argument is without merit because asserting that the State's evidence is unrefuted and uncontradicted is permissible. Grady v. State, 391 So.2d 1095, 1110 *811 (Ala.Cr.App.1980); Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). "A prosecutor has the latitude to comment on the fact that the State's evidence is uncontradicted or has not been denied." Ex parte Williams, 461 So.2d 852, 853 (Ala.1984). As long as the uncontradicted evidence could have been refuted other than by the defendant's testimony, the prosecutor can comment; his comments may not run awry to the rule against commenting on a defendant's failure to testify. Thompson v. State, 382 So.2d 1184, 1185 (Ala.Cr.App.1980); Ex parte Wilhite, supra, at 789. In the present case, there would be numerous methods of introducing rebuttal evidence as to the value of the drill.

III.
The appellant contends that there was a factual break in the chain of custody prior to the introduction of the drill and its box into evidence. He alleges that the evidence was left unattended on a number of occasions in which various people, including the defense counsel, had access to this evidence; thus, he says, there was more than a "remote possibility of a substitution, alteration, or tampering with the evidence."
The purpose for requiring that a chain of custody be established is to show a reasonable probability that there has been no tampering with an item of evidence. Fleming v. State, 470 So.2d 1343 (Ala.Cr. App.1985); Gwin v. State, 425 So.2d 500 (Ala.Cr.App.1982), writ quashed, Ex parte Gwin, 425 So.2d 510 (Ala.1983). "In passing upon the admissibility of such evidence, `the trial judge should consider the nature of the article and the circumstances surrounding its presentation and custody,' and permit its introduction where continuity of possession is `sufficiently established.'" Oliver v. State, 479 So.2d 1385, 1390 (Ala. Cr.App.1985), quoting Washington v. State, 339 So.3d 611, 615 (Ala.Cr.App.), cert. denied, 339 So.2d 616 (Ala.1976). "`The evidence need not negate the most remote possibility of substitution, alteration or tampering with the evidence, but rather must prove to a reasonable probability that the item is the same as, and not substantially different from the object as it existed at the beginning of the chain.'" (Emphasis added.) Fleming v. State, supra, at 1346, quoting Slaughter v. State, 411 So.2d 819, 822 (Ala.Cr.App.1981). Thus, the standard of proof required for determining whether the chain of custody of the evidence has been sufficiently established is a "reasonable probability." A "reasonable probability" was established where the F.B.I. used "lock-seal bags" in which to store the evidence. United States v. Clark, 732 F.2d 1536 (11th Cir.1984). Even where evidence was left unattended on a specimen table outside of a laboratory, this court held that "the State's proof established a `reasonable certainty that there ha[d] been no substitution, alteration, or tampering with the specimen.'" Phillips v. State, 462 So.2d 981, 986 (Ala.Cr.App. 1984), quoting Gothard v. State, 452 So.2d 889 (Ala.Cr.App.1984). Similarly, the State, in the present case, has proved to a reasonable certainty that there has been no break in the chain of custody through the security officer's testimony and by proving that the drill and box are in substantially the same condition as when the appellant relinquished them. Where a murder weapon was subsequently sold before it was uncovered by the police, the subsequent purchaser identified the weapon at trial as follows: "`And that is the one [weapon] I had. If it isn't it is one just like it. Ain't no difference is what I'm telling you.'" This court determined that the buyer's testimony sufficiently proved that there was no break in the chain of custody. "The identification and continuity of possession of the pistol were sufficiently established to afford not only ample but positive assurance of its authenticity." Harrell v. State, 470 So.2d 1303, 1307 (Ala.Cr.App.1984). A proper chain of custody was also established where the victims identified a gun as the one used in the commission of the crime and a police officer testified that the gun was in substantially the same condition at the trial as when it was recovered from the defendant. Sumpter v. State, 480 So.2d 608 (Ala.Cr.App.1985). See also Yarbrough *812 v. State, 451 So.2d 426 (Ala.Cr.App. 1984).
Although "`to establish a sufficient predicate for admission into evidence, it must be shown that there was no break in the chain of custody of the item,'" Fleming, supra, at 1346, quoting Ex parte Yarber, 375 So.2d 1231 (Ala.1979), a distinction can be made where there is "a weak link rather than a missing link in the chain of custody." Phillips v. State, 462 So.2d 981, 987 (Ala.Cr.App.1984). In Phillips, this court found that the time that the evidence was unattended constituted only a "weak link." "`Where a weak link in the chain of custody is said to exist, it presents a question of the credit and weight to be accorded rather than ... the admissibility of the item.' Williams v. State, 375 So.2d 1257, 1267 (Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala.1979)." Phillips, supra, at 987.
In the present case, the State proved through the testimony of the security manager, that the box and drill remained in substantially the same condition as when it was recovered. The security guard packaged and stored the evidence and although other people may have had access to the storage facility, there is a reasonable certainty that no tampering or substitution occurred. We agree with this court's decision in Jefferson v. State, 449 So.2d 1280, 1282 (Ala.Cr.App.1984): "There may have been a break in the chain of custody, but this does not prevent the piece of evidence from being admitted. We find that there existed a reasonable probability that there had been no tampering with the evidence."
AFFIRMED.
All the Judges concur.

ON APPLICATION FOR REHEARING
McMILLAN, Judge.
The appellant has filed an application for rehearing and a motion pursuant to Rule 39(k), A.R.App.P. The appellant's attorney alleges that subsequent to the filing of his brief on appeal, the United States Supreme Court heard and decided Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). He therefore asks this court to suspend the rules and consider whether his right to a fair and impartial jury was violated.
The record indicates that the following transpired during the jury selection:
"[Defense Counsel]: Your Honor, I want to object. If my notes are correct [the prosecutor] has used all his strikes to strike nothing but blacks from the jury. And I'd like to object to his arbitrarily striking blacks from this jury. This defendant is a black male.
"THE COURT: All right. I understand you and I overrule you."
The Alabama Supreme Court determined, in Ex parte Jackson, 516 So.2d 768 (Ala. 1986), that the rule of Batson was to be applied retroactively. Therefore, this case is remanded to the trial court with instructions for the trial court to give the district attorney an opportunity to come forward with race-neutral explanations for his use of peremptory strikes. If he is unable to do so and the trial court determines that the facts establish a prima facie case of purposeful discrimination, the appellant is entitled to a new trial.
OPINION EXTENDED; APPLICATION FOR REHEARING GRANTED; ORIGINAL AFFIRMANCE SET ASIDE; REMANDED WITH INSTRUCTIONS.
All the judges concur.