ON RETURN TO REMAND
This cause was remanded to the trial court on the authority of Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821
(1985), in order for the trial court to determine whether the appellant wished to pursue his appeal and, if so, to appoint new counsel to represent the appellant. The appellant has been appointed representation and a brief has been filed on appeal.
As is noted in the original opinion, the appellant was convicted of possession of a short-barrelled shotgun, in violation of § 13A-11-63, Code of Alabama (1975). He was sentenced to 20 years' imprisonment pursuant to the Habitual Felony Offender Act.
 I
The appellant argues that the trial court erred in failing to grant his motion for a continuance. Defense counsel acknowledged that he was informed of the trial date on the Wednesday or Thursday *Page 485 
prior to the docket call on the following Monday. Although defense counsel argues that the appellant was not even imprisoned in the county when he learned of the trial date, the appellant was located by his attorney the following day in Kilby Prison and was then returned to the county. On the Monday of docket call, witness subpoenas were issued at the request of the appellant and, on Tuesday, various pretrial motions were filed, including a motion for continuance. On Wednesday, the day of trial, the motions were argued. Defense counsel presented the circuit court clerk as a witness to verify that he had been told that the trial would not appear on the January docket, but rather would be set for the April docket. However, the clerk also testified that defense counsel was notified on the Thursday prior to trial.
In arguing that he did not have adequate time to prepare for trial, defense counsel suggests that he could have arranged for an expert to examine the gun in order to determine when the shotgun was sawed off. He states that that information was important, as the appellant's mother testified that the shotgun was much longer before it was removed from their house. However, defense counsel failed to show that he made any efforts to find such an expert or to secure that testimony.
Defense counsel also argues that the appellant was prejudiced because his parents could not appear to testify, as their daughter and grandchild were hospitalized in critical condition. Defense counsel alleges that testimony of the appellant's father would have contradicted that of a police officer concerning the appellant's admission of possession of the shotgun. However, the appellant's mother did appear to testify for the defense.
The action of a trial court in refusing to grant a motion for a continuance should not be disturbed in the absence of a clear abuse of discretion. Gosha v. State, 442 So.2d 138, 141
(Ala.Cr.App. 1983). Absent a clear showing that the trial court has abused its discretion, its refusal will not be reversed on appeal. Owens v. State, 460 So.2d 305 (Ala.Cr.App. 1984). "Furthermore, it appears from the record that the appellant's attorney was well prepared and that the appellant was represented skillfully and ably at every phase of the proceedings." Hamilton v. State, 496 So.2d 100, 108
(Ala.Cr.App. 1986). Therefore, we find no abuse of discretion by the trial court's denial of the appellant's motion for continuance.
 II
The appellant argues that the trial court erred in allowing the shotgun into evidence because he alleges that the chain of custody was clearly broken. The record indicates that Sergeant Traylor, of the Alabama Bureau of Investigation, testified that he found a sawed-off shotgun at the residence of the appellant's parents, in the mother's closet, and wrapped in a pink nightgown. He then identified the shotgun as the same one he had removed from the closet. He further testified that the shotgun was in the same condition as when he removed it, except for a piece of paper on the stock of the gun. The record further indicates that Sergeant Traylor gave the gun to Sheriff Norton on March 19, and that Sheriff Norton returned the gun to Sergeant Traylor on March 20. The gun was then taken to the Department of Forensic Sciences in Birmingham on March 31, 1986, by Sergeant Traylor. He testified that it was locked in a locker at the crime lab. He further testified that, on January 26, 1987, he received the gun back from Martin Yates.
The appellant argues that, because the appellant's mother testified that the gun appeared to have been tampered with, the State should have introduced testimony to prove the chain of custody during the ten months that the gun remained at the Department of Forensic Sciences. He further argues that Sheriff Norton should have testified to the condition of the gun, because the State had shown that he had it in his possession for a day.
 "The purpose for requiring that a chain of custody be established is to show a reasonable probability that there has been no tampering with an item of *Page 486 
evidence. Fleming v. State, 470 So.2d 1343
(Ala.Cr.App. 1985); Gwin v. State, 425 So.2d 500
(Ala.Cr.App. 1982), writ quashed, Ex parte Gwin, 425 So.2d 510 (Ala. 1983). 'In passing upon the admissibility of such evidence, "the trial judge should consider the nature of the article and the circumstances surrounding its presentation and custody," and permit its introduction where continuity of possession is "sufficiently established." ' Oliver v. State, 479 So.2d 1385, 1390 (Ala.Cr.App. 1985), quoting Washington v. State, 339 So.2d 611, 615 (Ala.Cr.App.), cert. denied, 339 So.2d 616 (Ala. 1976).
 ' "The evidence need not negate the most remote possibility of substitution, alteration or tampering with the evidence, but rather must prove to a reasonable probability that the item is the same as, and not substantially different from the object as it existed at the beginning of the chain." ' (Emphasis added.) Fleming v. State, supra, at 1346, quoting Slaughter v. State, 411 So.2d 819, 822 (Ala.Cr.App. 1981)."
Armstrong v. State, 516 So.2d 806, 811 (Ala.Cr.App. 1986).
A "reasonable probability" was established because the agent who originally removed the gun testified that it was in substantially the same condition as when it was removed.Sumpter v. State, 480 So.2d 608 (Ala.Cr.App. 1985); Yarbroughv. State, 451 So.2d 426 (Ala.Cr.App. 1984). No error resulted from the trial court's admission of the gun into evidence.
 III
The appellant argues that the trial court erred to reversal in its jury charge concerning the appellant's failure to take the stand. During the trial, the appellant did not take the stand to testify. Thereafter, the trial court gave the following charge to the jury:
 "Ladies and gentlemen of the jury, the defendant in this case is not required to testify. The Law of Alabama provides that on the trial of all indictments, complaints or other criminal procedures, the person on trial is not required to testify in the case. This is a very real and substantial right that every defendant has under our system. But you may consider his testimony together with all the other evidence in the case in light of the fact that he is the defendant in the case."
Following the charge, defense counsel objected to the trial court's comment on the appellant's failure to take the stand and his comment that the appellant's testimony could be considered and given as much weight as the jury deemed necessary. The defense counsel moved for a mistrial on that ground. The jury was then dismissed. The trial court informed the defense counsel that he was going to bring the jury back in and re-charge them on the appellant's failure to testify. The defense counsel stated that he felt that such a re-charge would unduly emphasize that failure. The defense counsel insisted that he did not ask for a re-charge, but rather a mistrial. Therefore, no re-charge was given.
The trial court may instruct on a defendant's failure to testify where there has been no request for such an instruction. Tucker v. State, 429 So.2d 1165, 1171 (Ala.Cr.App. 1983). Even if the trial court's instructions could have been considered confusing to the jury, the trial court offered to give subsequent instructions to clarify any misconceptions.United States v. Brown, 555 F.2d 407, 417 (5th Cir. 1977). Therefore, even if the instructions had been confusing, the defense counsel's refusal to allow the trial court to recharge the jury invited any prejudice. United States v. Gibson,536 F.2d 1110, 1112 (5th Cir. 1976).
 IV
The appellant argues that the trial court erred in failing to sanction the prosecution for its failure to comply with the discovery orders in Rule 18, Alabama Rules of Criminal Procedure. The record indicates that the appellant made a motion for discovery and inspection, requesting any written or recorded statement made by the defendant. At the hearing on the motion, the trial court granted defense counsel's *Page 487 
request for any written or recorded statements, or the substance of any oral statements made by the appellant to law enforcement officers. The prosecutor stated that he intended to comply with that request and that he had some notes which he would give to defense counsel, but that there were no tape recorded or written statements by the appellant.
During the testimony of Sergeant Traylor, the prosecutor began asking if the appellant had answered any questions concerning the case on March 18. Defense counsel objected, stating that he had been furnished notes by the State on the first day of trial concerning a statement made by the defendant on March 19, but he had received nothing concerning a statement made on March 18. The prosecutor responded by saying that the substance of the statement the appellant made on March 18 was the same as that which had been furnished to defense counsel, which was made on March 19. However, in his brief on appeal, the appellant claims that he was actually furnished notes concerning the statement made on March 18 rather than that made on March 19. The trial judge stated that he would withhold ruling until he heard testimony concerning both of the statements.
The record indicates that Sergeant Traylor testified that on March 18, the appellant was asked if he knew anything about the shotgun and he responded by identifying it as the gun which he had brought into his parents' house and put under his dresser. When he was questioned further concerning the shotgun, he refused to answer. Chief Deputy Joe Jacks, of the Cleburne County Sheriff's Department, testified that on March 19, the appellant identified the shotgun as his own which he had brought to the house. He further gave information as to where he had gotten the gun, why he had the gun, and the condition that the gun was in when he took it home.
The appellant was informed of the nature of his statement prior to trial and he has failed to show how he has suffered any disadvantage in the untimely discovery of the second statement. Petite v. State, 520 So.2d 207 (Ala.Cr.App. 1987). Furthermore, the evidence would not have affected the outcome of the trial.
Although the appellant argues that the trial court should have sanctioned the prosecutor, such sanctions are a matter for the trial court's discretion. Rule 18.5(a), Alabama Temporary Rules of Criminal Procedure.
 "A trial court may enter any order it 'deems just under the circumstances' whenever it learns that a party has failed to comply with its discovery order. Rule 18.5(a), A.R.Cr.P. (Temp.). Although Rule 18.5(a) provides that a trial court may prohibit the non-complying party from introducing evidence not disclosed, this is an alternative remedy and is not mandatory. 'The imposition of sanctions upon non-compliance with a court's discovery order is within the sound discretion of the court.' McCrory v. State, 505 So.2d 1272, 1279 (Ala.Cr.App. 1986)."
Fortenberry v. State, 545 So.2d 129 (Ala.Cr.App. 1988).
We find no abuse by the trial court in allowing the statements into evidence and in failing to sanction the prosecutor.
 V
The appellant argues that he was improperly sentenced under Alabama's Habitual Felony Offender Act. Specifically, he argues that the trial court improperly considered an October 1985 conviction for sentencing purposes. He argues that because the evidence indicated that he turned the shotgun over to his mother no later than April 1985, six months prior to the October 9, 1985, conviction, it should not have been considered as a prior conviction for sentencing purposes. To support his argument that the present crime should be considered to have occurred prior to April 1985, he refers to a letter which was sent out by the jury during their deliberations. The record indicates that during the deliberations of the jury, a question was sent to the trial court which stated: "Are we deciding were [sic] he had possession on March 18 and 19, 86 or at any time?" The trial court sent back an answer stating, "You *Page 488 
may consider all the evidence presented before you as to when and if the defendant had possession." Defense counsel objected to "sending any instruction back to them in that regard." Thereafter, the jury found the appellant guilty as charged in the indictment. Defense counsel then asked for "the yellow piece of paper that was sent out to the court that was sent back in to them where they had written down a statement." Defense counsel was then given two pieces of yellow paper, which he asked to be made part of the record. The trial court had the papers marked as Defendant's Exhibits 3 and 4. The trial court stated:
 "Number 3 is a question and answer that was received from the jury. Exhibit Number 4 is a statement that was sent out by the bailiff. The court reviewed it in the presence of counsel for the defendant and the State. It was sent back to the jury with instructions to tell them that if they had a question, please write it down. There was no further response to Defendant's Exhibit Number 4:
"It was unsigned by —
"[PROSECUTOR]: It was unsigned by anybody.
"THE COURT: It just wasn't signed."
The record contains defendant's Exhibit Number 4, which states:
 "All 12 agree that the evidence proved to us that defendant was guilty in 1983 — till conversation with mother in 1985 if this is exceptible [sic] then we feel he is guilty."
The record clearly shows that the jury ultimately returned a verdict finding the appellant guilty as charged in the indictment. The indictment states that the appellant "did unlawfully possess or unlawfully have in his possession a short-barrelled shotgun, to-wit: One (1) 12 guage pump shotgun having a barrell less than 18 inches in length and an overall length of less than 26 inches, in violation of § 13A-11-63 of the Code of Alabama". No date is specified in the indictment.
The jury could have reasonably concluded from the evidence that the appellant was in possession of the shotgun at the time that it was seized from his residence in March 1986. Although the letter sent from the jury concerning the dates indicates that they felt that the offense was concluded in March 1985, the note was unsigned. The record is silent as to any deliberations made by the jury subsequent to the letter and the final verdict contains no mention or reference to the jury's conclusions as to the date of the offense. Therefore, we find that the appellant was properly sentenced under the Alabama Habitual Felony Offender Act. The trial court found that the appellant had been convicted of two prior felonies: assault in the second degree on May 2, 1984, and burning the woodlands of another on October 9, 1985. Section 13A-5-9(b)(1), Code ofAlabama (1975), states that on conviction of a class C felony, the appellant must be punished as for a class A felony, i.e., for life or not more than 99 years or less than 10 years. Therefore the trial court's sentence of 20 years fell within the range of permissible sentencing.
OPINION EXTENDED; AFFIRMED.
All Judges concur.