SHAW, Judge,
concurring specially.
I write only to point out that the security manager’s report could not qualify for the hearsay exception set out in Rule 803(6), Ala.R.Evid. (“Records of Regularly Conducted Activity”). Rule 803(6) provides:
“A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term ‘business’ as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.”
The source of the security manager’s opinion, as expressed in his report, was *452 solely his observation of price tags, not his personal knowledge of the value of the items taken. Therefore, the source of the information indicates a lack of trustworthiness. See Ala.Code 1975, § 12-21-114; DeBruce v. State, 461 So.2d 889 (Ala.Crim.App.1984); Armstrong v. State, 516 So.2d 806 (Ala.Crim.App.1986).